**David Halberstadter (CA 107033)**
david.halberstadter@katten.com
**Asena Baran (CA 342626)**
asena.baran@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of The Stars, Suite 1100
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

**Christopher A. Cole** (*pro hac vice*)
chris.cole@katten.com
**Michael R. Justus** (*pro hac vice*)
michael.justus@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
1919 Pennsylvania Ave NW, Suite 800
Washington, DC 20006-3404
Telephone: 202.625.3500
Facsimile: 202.298.7570

**Julia L. Mazur** (*pro hac vice*)
julia.mazur@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
525 West Monroe St.
Chicago, IL 60661-3693
Telephone: 312.902.5200
Facsimile: 312.902.1061

*Attorneys for Plaintiff InSinkErator LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INSINKERATOR LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>JONECA COMPANY, LLC, a Delaware limited liability company, and THE JONECA CORPORATION, a California corporation,<br><br>    Defendants. | Case No.: 8:24-cv-02600-JVS-ADS<br><br>**PLAINTIFF INSINKERATOR LLC'S RESPONSE TO DEFENDANTS JONECA COMPANY LLC AND THE JONECA CORPORATION'S OMMNIBUS OBJECTIONS TO PLAINTIFF'S REBUTTAL DECLARATIONS**<br><br>Date: January 6, 2025<br>Time: 1:30 p.m.<br>Place: 10C<br><br>Assigned to Hon. James V. Selna |

Plaintiff InSinkErator LLC ("InSinkErator") responds to Defendants Joneca Company, LLC and The Joneca Corporation's ("Joneca") omnibus objections to InSinkErator's rebuttal declarations and request for alternative relief (ECF 49).[1]

## I. INTRODUCTION

Joneca has again omitted key facts regarding the parties' Tolling Agreement (ECF 33-3) in order to manufacture objections and an excuse for its desired relief. This Court rejected Joneca's first attempt to do so (ECF 35), and it should likewise reject Joneca's second, eleventh-hour attempt.

Joneca asserts that the Hofmeister and Wang Rebuttal Declarations (ECF 47-2, 47-4) and large portions of the Eisenstadt and Zamecnik Rebuttal Declarations (ECF 47-1, 47-3) "constitute improper rebuttal evidence" because they include "new evidence" regarding Joneca's flawed reliance on the UL 430 safety standard's input power test. (ECF 49 at 2-5.) Joneca seeks to exclude InSinkErator's rebuttal declarations, or to submit supplemental evidence and take witness testimony, based on this "new evidence" theory.

Joneca's theory fails for two independent reasons: (1) the parties' Tolling Agreement *required* InSinkErator to wait until Joneca opened the door regarding its UL 430 test protocol before InSinkErator could address it in court filings; and (2) the rebuttal declarations are not "new evidence" because they directly rebut Joneca's evidence in its opposition papers regarding UL 430.

This Court should overrule Joneca's objections, reject its requests for alternative relief, and proceed with oral argument on InSinkErator's Motion for Preliminary Injunction (ECF 22) as scheduled on January 6, 2025.

---

[1] InSinkErator is separately filing its responses to Joneca's other objections to each of InSinkErator's four rebuttal declarations (ECF 53, 55, 56-57).

## II. ARGUMENT

### A. The Tolling Agreement Restricted Evidence on UL 430.

Joneca has again omitted key facts from the parties' Tolling Agreement (ECF 33-3) to ironically accuse InSinkErator of "gamesmanship" and seek relief from this Court. (*See* ECF 30, 33, 35; ECF 49.) This time, Joneca fails to mention to the Court that the Tolling Agreement included a "Non-Use and Non-Disclosure" provision, which expressly *prohibited* InSinkErator from disclosing Joneca's reliance on the UL 430 test methodology to substantiate its horsepower claims in court filings unless and until Joneca opened the door by disclosing those facts itself. (ECF 33-3 at 2-3.)

The parties' "Non-Use and Non-Disclosure" provision states that the parties shall not "use," "disclose," or "submit, append, attach, quote, excerpt, paraphrase, reference, summarize, or otherwise use or rely on" the Test Reports of the other party "*or any content thereof* for any pleading, legal argument, or other legal or administrative challenge . . . ." (ECF 33-3 at 2) (emphasis added). The only exception to that non-disclosure restriction is where the party who provided the confidential information opens the door by disclosing the information itself "during the course of a legal challenge." (*Id*.)

Joneca's reliance on UL 430 was first disclosed to InSinkErator in Joneca's confidential Test Reports provided subject to the Tolling Agreement. (Declaration of Christopher A. Cole at ¶ 3.) Before that, InSinkErator had no independent knowledge of Joneca's (or any other manufacturer's) purported reliance on that irrelevant test to allegedly support its labeled horsepower claims. Thereafter, Joneca's counsel referenced Joneca's reliance on UL 430 in the Test Reports in two sentences of Joneca's November 18, 2024 response to InSinkErator's cease-and-desist letter, which was also subject to the Tolling Agreement. (*Id*. at ¶ 4.) Joneca provided no detail or explanation for how or why it was relying on UL 430's irrelevant safety standards beyond those references.

Joneca's references to UL 430 in its Test Reports were subject to the "Non-Use and Non-Disclosure" provision of the Tolling Agreement. As such, InSinkErator was contractually bound to refrain from attacking Joneca's UL 430 test methodology in its Complaint or Motion for Preliminary Injunction and supporting papers. UL 430 is, on its face, irrelevant to advertising of horsepower and InSinkErator could not reasonably have known that Joneca intended to rely on that safety standard prior to receiving the materials from Joneca under the Tolling Agreement. InSinkErator rebutted Joneca's UL 430 evidence at the first available opportunity permitted under the Tolling Agreement, namely, after Joneca opened the door by submitting its opposition evidence regarding UL 430. Joneca bargained for this contractual restriction on InSinkErator's ability to discuss UL 430 in its opening papers. It cannot now exploit that bargain to object to InSinkErator's proper rebuttal evidence. Joneca's objections should be overruled for this reason alone.

### B. The Rebuttal Declarations are not "New Evidence."

Even ignoring the parties' Tolling Agreement (as Joneca did in its objections), Joneca is not entitled to any of the relief it seeks because InSinkErator's rebuttal declarations are not "new evidence," but rather proper rebuttal of Joneca's opposition evidence.

Joneca recites the general rule that *new evidence* submitted in reply should not be considered without affording the opposing party an opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996). But Joneca ignores the second half of the test used by the Ninth Circuit and courts in this District applying *Provenz*: "Evidence is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a motion." *Edwards v. Toys "R" Us*, 527 F.Supp.2d 1197, 1205 n.31 (C.D. Cal. 2007) (citing *Terrell v. Contra Costa County*, 232 Fed.Appx. 626, 629 n. 2 (9th Cir. Apr. 16, 2007)); *Zkey Invs., LLC v. Facebook Inc.*, 225 F. Supp. 3d 1147, 1158 (C.D. Cal. 2016),

aff'd, 708 F. App'x 681 (Fed. Cir. 2018) (same); *Brooks v. USAA Fed. Sav. Bank*, No. CV175795DMGMRWX, 2019 WL 7188576, at *6 (C.D. Cal. Jan. 10, 2019) ("The general rule is that courts do not consider arguments or evidence raised for the first time on reply, but courts permit summary judgment movants to submit new evidence to rebut arguments evidence [sic] raised for the first time in the nonmoving party's opposition) (internal citations omitted); *Fowzer v. Cnty. of San Bernardino*, No. EDCV171907DMGKKX, 2018 WL 5880777, at *9, n.3 (C.D. Cal. Oct. 25, 2018) (same).

This exception to the general rule is logical: if the movant could not respond to arguments and evidence raised in the opposition papers in its reply, it would be robbed of its ability to meet the opposition evidence. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040–41 (9th Cir. 2003) (trial court properly allowed new argument in preliminary injunction reply brief, which responded to argument raised in opposition papers, because failure to do so "would have effectively stripped [the movant] of its right to argue against [the non-movant's] defense."). Indeed, the Local Rules of this Court explicitly provide for rebuttal declarations and evidence on reply.

> "**L.R. 7-10 Reply Papers**. A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, <u>and declarations or other rebuttal evidence</u>. Absent prior written order of the Court, the opposing party shall not file a response to the reply."

Local Rule 7-10 (emphasis added). Courts in this District cite Local Rule 7-10 in overruling objections like Joneca's. *See Zkey Invs.*, 225 F. Supp. 3d at 1158-59 (overruling objections; "Local Rule 7–10 provides the timeline of when 'Reply Papers' which include a reply memorandum, declarations, or other rebuttal evidence must be served and filed. The very fact that Defendant included a declaration of its own expert in its Reply is not grounds to strike the

Declaration or grant Plaintiff leave to file a sur-reply."); *Fowzer*, 2018 WL 5880777, at *9, n.3 (overruling objection and citing Local Rule 7-10).

When the correct test is applied, Joneca's objections are plainly baseless. InSinkErator's rebuttal declarations are not "new evidence," but rather proper rebuttal evidence. The objected-to Hofmeister and Wang Rebuttal Declarations (ECF 47-2, 47-4) and the portions of the Eisenstadt and Zamecnik Rebuttal Declarations (ECF 47-1, 47-3) objected to by Joneca directly rebut Joneca's evidence regarding its improper reliance on UL 430 to test the horsepower of its garbage disposals.

Joneca's UL 430 evidence was first raised in its opposition papers, relying primarily on the declaration of its "expert," Garrett McCormick. (*See generally* ECF 38, 38-2, 38-5.) Neither Joneca's explanation of its interpretation of UL 430 nor the McCormick Declaration, or other evidence regarding UL 430 included with its opposition papers were previously disclosed to InSinkErator.[2] Under the Local Rules and applicable case law, it is entirely proper for InSinkErator to meet that opposition evidence with rebuttal evidence on reply. *E.g.*, *Zkey Invs.,* 225 F. Supp. 3d at 1158-59 (overruling objections to rebuttal declarations; "Dr. Shamos' Declaration attacked Plaintiff's expert with rebuttal evidence. Defendant did not provide 'new' evidence. Local Rule 7–10 provides the timeline of when 'Reply Papers' which include a reply memorandum, declarations, or other rebuttal evidence must be served and filed. The very fact that Defendant included a declaration of its own expert in its Reply is not grounds to strike the Declaration or grant Plaintiff leave to file a sur-reply.").

While ignoring the correct test in the Ninth Circuit and this District, Joneca incorrectly applies a "foreseeability" test from the First Circuit. (ECF 49 at 2-3; InSinkErator's rebuttal declarations allegedly "constitute improper

---

[2] As discussed *supra*, Joneca first disclosed its reliance on UL 430 in communications covered by the parties' Tolling Agreement.

1  rebuttal evidence because they do not address new, unforeseen facts first raised
2  by Joneca in its opposition papers." (citing *Faigin v. Kelly*, 184 F.3d 67, 85 (1st
3  Cir. 1999) and *Daly v. Far E. Shipping Co. PLC*, 238 F. Supp. 2d 1231, 1238
4  (W.D. Wash. 2003).) Both *Faigin* and *Daly* involved rulings on rebuttal trial
5  witnesses under trial witness disclosure rules which are inapplicable here. *See*
6  *Faigin*, 184 F.3d at 85; *Daly*, 238 F. Supp. 2d at 1238. Both cases also involved
7  fully developed records at the trial stage, where the plaintiffs were fully apprised
8  of the defendant's arguments and had included evidence in their cases-in-chief
9  on the same subject matter as the improper rebuttal. *See id*. As such, those cases
10 are inapposite.

11    Joneca cites no cases from the Ninth Circuit applying the "foreseeability"
12 test outside of the trial setting, and no cases from this District applying it at all.
13 InSinkErator is aware of none. As detailed above, the correct test regarding what
14 constitutes "new evidence" is as set forth in the Ninth Circuit's decision in
15 *Terrell* and its progeny in this District. *See, e.g., Edwards*, 527 F.Supp.2d at
16 1205 n.31 (citing *Terrell*, 232 Fed.Appx. at 629 n. 2). In any event, Joneca's
17 arguments and evidence regarding UL 430 in its opposition papers, including
18 the McCormick Declaration, were not reasonably foreseen by InSinkErator.
19 InSinkErator had no duty to unravel Joneca's vague, passing references to UL
20 430 in confidential settlement discussions to make Joneca's argument to the
21 Court in its opening papers. Moreover, some of the evidence Joneca objects to
22 did not even exist until *after* Joneca filed its opposition papers on December 16,
23 2024. (ECF 49 at 4; objecting to "email string" between InSinkErator and UL
24 that includes emails from UL dated December 18, 2024.)

25    Accordingly, InSinkErator's rebuttal declarations are proper rebuttal
26 evidence—not "new evidence"—and Joneca is not entitled to any of the relief it
27 seeks for that additional, independent reason.
28

### C.  Joneca's Requests for Alternative Relief are Baseless.

As discussed above, Joneca's objections and requests for alternative relief are entirely meritless and should be rejected. For completeness, InSinkErator briefly addresses additional flaws in Joneca's requests for alternative relief, namely, cross-examining InSinkErator's rebuttal witnesses.

First, Local Rule 7-8 on which Joneca relies is inapplicable here. On its face, that Local Rule applies only to requests to cross-examine a "declarant who is not beyond the subpoena power of the Court and who is reasonably available to the party offering the declaration." Local Rule 7-8. None of InSinkErator's rebuttal witnesses are within the court's subpoena power—three are located in Wisconsin and the other is located in Florida. (Cole Dec. at ¶ 5-8.) In addition, one declarant is unavailable due to a scheduled medical procedure to take place on Jan. 2. (*Id*. at ¶ 5.) Accordingly, Local Rule 7-8 is inapplicable and provides no basis for the relief Joneca seeks.

Second, Joneca provides no reasons or details regarding what it seeks to accomplish on its improperly requested cross-examinations. Joneca apparently saw no need to cross-examine any of InSinkErator's six declarants in support of its Motion for Preliminary Injunction, which constitutes the vast majority of InSinkErator's evidence in this case. The deadline for Joneca to do so was December 23, 2024. *See* Local Rule 7-8. That group of six witnesses included two of the rebuttal declarants that Joneca now seeks to cross-examine, Messrs. Eisenstadt and Zamecnik. (ECF 27-28.) Joneca already chose to forego cross examination of Messrs. Eisenstadt and Zamecnik (and the other four declarants) on their primary declarations. Joneca has offered *no* reason for this sudden need for witness testimony on the rebuttal declarations, except the baseless "new evidence" theory addressed *supra*, which appears to be a pretextual reason to delay the hearing.

Third, Joneca's eleventh-hour request to cross-examine the rebuttal declarants is untimely, impractical, and unfair. Joneca argues that it could not have filed a request to cross-examine the rebuttal declarations on December 23, 2024—the deadline to do so under Local Rule 7-8. (ECF 49 at 5.) But Joneca does not even attempt to explain why it could not have done so *any other day* between December 23rd and December 30th, when it finally got around to filing its improper requests. Surely, Joneca could have alerted InSinkErator's counsel or the Court earlier than December 30th that it intended to seek testimony from InSinkErator's witnesses. Now, mere days before the hearing, Joneca seeks to transform the oral argument into an evidentiary hearing, and force InSinkErator's witnesses to travel across the country for a baseless fishing expedition. Even if there was a proper legal basis for the relief Joneca seeks (which there is not), this Court should not reward Joneca's dilatory tactics.

Finally, despite its complaints to the contrary, Joneca has *already responded* to the rebuttal declarations. Joneca lodged extensive "objections" to the declarations on evidentiary grounds and otherwise. (ECF 53, 55, 56-57.) Large portions of those "objections" are, in fact, not evidentiary objections, but rather attorney arguments disagreeing with the facts stated in the rebuttal declarations and countering with citations to Joneca's own declarations. (*See, e.g.*, ECF 53 at 6-7; ECF 55 at 5-10; ECF 56 at 3-4; ECF 57 at 4-9.) Further, Joneca's counsel is free to offer further oral argument regarding that evidence at the hearing. Joneca's requests for alternative relief are unfounded. *See El Pollo Loco,* 316 F.3d at 1040–41 (affirming trial court's denial of request to strike new argument submitted on reply, or alternatively to permit movant to file supplemental briefing, where movant's counsel had opportunity to submit oral arguments at the preliminary injunction hearing).

## III. CONCLUSION

None of the relief sought by Joneca has any basis in law or fact. InSinkErator respectfully requests that this Court overrule Joneca's objections, reject its requests for alternative relief, and proceed with oral argument as scheduled on January 6, 2025.

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

DATED: January 2, 2025     By: /s/ David Halberstadter
           David Halberstadter

           *Attorneys for Plaintiff*

## L.R. 11-6.2. Certificate of Compliance

The undersigned, counsel of record for Plaintiff InSinkErator LLC, certifies that this brief contains 2,499 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

                                                      **KATTEN MUCHIN ROSENMAN LLP**

DATED: January 2, 2025                By: /s/ David Halberstadter
                                                         David Halberstadter

                                                      *Attorneys for Plaintiff*