

**David Halberstadter (CA 107033)**
david.halberstadter@katten.com
**Asena Baran (CA 342626)**
asena.baran@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of The Stars, Suite 1100
Los Angeles, CA  90067-3012
Telephone:  310.788.4400
Facsimile:   310.788.4471

**Christopher A. Cole** (*pro hac vice*)
chris.cole@katten.com
**Michael R. Justus** (*pro hac vice*)
michael.justus@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
1919 Pennsylvania Ave NW, Suite 800
Washington, DC  20006-3404
Telephone:  202.625.3500
Facsimile:  202.298.7570

**Julia L. Mazur** (*pro hac vice*)
julia.mazur@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
525 West Monroe St.
Chicago, IL 60661-3693
Telephone:  312.902.5200
Facsimile:  312.902.1061

*Attorneys for Plaintiff InSinkErator LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INSINKERATOR LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> JONECA COMPANY, LLC, a Delaware limited liability company, and THE JONECA CORPORATION, a California corporation, <br><br> Defendants. | Case No.: 8:24-cv-02600-JVS-ADS <br><br> **PLAINTIFF INSINKERATOR LLC'S RESPONSE TO DEFENDANTS JONECA COMPANY LLC AND THE JONECA CORPORATION'S OBJECTIONS TO THE REBUTTAL DECLARATION OF CHRISTOPHER ZAMECNIK** <br><br> Date: January 6, 2025 <br> Time: 1:30 p.m. <br> Place: 10C <br><br> Assigned to Hon. James V. Selna |

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA  90067-5010
+1 310 788 4400 tel  +1 310 788 4471 fax

**Katten**

Plaintiff InSinkErator LLC ("InSinkErator") responds to portions Defendants Joneca Company, LLC and The Joneca Corporation's ("Joneca") Objections to Paragraphs 6 through 13 of the Rebuttal Declaration of Christopher Zamecnik ("Zamecnik Reb. Decl.") (ECF 47–3), which Joneca filed in opposition to InSinkErator's Motion for Preliminary Injunction (ECF 53), as set forth below.

## I.     PRELIMINARY STATEMENT

Joneca's objections to Mr. Zamecnik's statements in Paragraphs 6 through 13 of his rebuttal declaration are meritless. Mr. Zamecnik has established that his testimony is fact or proper lay opinion. (*See* ECF 27, Declaration of Christopher Zamecnik ("Zamecnik Orig. Decl.").) Mr. Zamecnik's testimony regarding his own personal experience applying UL 430 is fact. Mr. Zamecnik's testimony is admissible lay opinion because it is rationally based on his particularized knowledge garnered from years of experience within his field of employment. This Court should therefore overrule Joneca's objections and find that Mr. Zamecnik can properly testify to facts and opinions based on his personal knowledge.

## II.     ARGUMENT

### A.     Mr. Zamecnik's Testimony Regarding Matters He Learned And The Experience He Gained As A Result of His Employment Is Fact or Admissible Lay Opinion.

Mr. Zamecnik's testimony regarding his own personal experience applying UL 430 in testing hundreds of garbage disposal motors is fact, not opinion. (*See e.g.*, ECF 47-3 ¶ 7; "I do not use the Current Input Test to measure a motor's horsepower, and to my knowledge InSinkErator has never used the test in that manner.")

To the extent any of Mr. Zamecnik's statements are considered opinion, they constitute admissible lay opinion because it is rationally based on his

Katten

Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA  90067-5010
+1.310.788.4400 tel  +1.310.788.4471 fax

particularized knowledge garnered from years of experience within his field of employment.

"Opinion testimony by lay witnesses is admissible if it is '(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.'" *See United States v. Goodheim*, 686 F.2d 776, 779 (9th Cir. 1982) (quoting Fed. R. Evid. 701). "Rule 701 is meant to admit testimony based on the lay expertise a witness personally acquires through experience, often on the job." *City of Torrance v. Hi-Shear Corp.*, Case No.: 2:17-cv-07732-FWS-JPR 2024 U.S. Dist. LEXIS 206626, *14 (C.D. Cal. May 22, 2024) (overruling evidentiary objections).

A lay witness may "testif[y] based upon their particularized knowledge garnered from years of experience within the field." *United States ex rel. Technica, LLC v. Carolina Cas. Ins. Co.*, Case No.: 08-CV-01673-H (KSC), 2012 U.S. Dist. LEXIS 51766, *15 (C.D. Cal. Apr. 11, 2012) (finding lay opinion based on the witness's experience in the field, relevant, and helpful to the Court); *see also William Hablinski Architecture v. Amir Constr., Inc.*, Case No. CV-03-6365 CAS (RNBx), 2005 U.S. Dist. LEXIS 50559, *26 (C.D. Cal. Feb. 7, 2005) (finding "a partner in WHA who was intimately involved in the design of the Sands Residence," "may testify as a lay witness under Rule 701" on "practices at WHA and in the industry").

Therefore, "[c]ourts routinely permit witnesses to offer lay opinion testimony concerning matters they learn or experience they gain as a result of their employment." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 946–47 (C.D. Cal. 2014) (collecting cases). "[J]ust because the underlying facts and data are technical does not transform the information into 'expert testimony' when those facts are within the personal knowledge and experience of the company's employee." *Id.* at 947.

Katten

Katten Muchin Rosenman LLP
2029 Century Park East, Suite 1900
Los Angeles, CA 90067-3010
+1.310.788.4400 tel +1.310.788.4471 fax

Moreover, "[p]ersonal knowledge may be inferred from declarations that concern areas within the declarant's job responsibilities." *Silva v. AvalonBay Cmtys., Inc.*, Case No. LA CV15-04157 JAK (PLAx), 2015 U.S. Dist. LEXIS 140673, *10 fn. 1 (C.D. Cal. Oct. 8, 2015) (overruling evidentiary objections); *see also In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000) ("Personal knowledge may be inferred from a declarant's position."); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (holding that a CEO's personal knowledge of various corporate activities could be presumed). "Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony." Fed. R. Evid. 602.

Mr. Zamecnik "currently serve[s] as Product Engineering Technician II at InSinkErator." (Zamecnik Orig. Decl. ¶ 1.) He has "been in a product engineering role for the past five years and have served in [his] current role for the past three years." (*Id*.) "As a Product Engineering Technician II, [he has] spent approximately 99% of [his] time testing motors in InSinkErator's testing lab." (*Id*. ¶ 5.) He "personally conduct[s] motor testing for InSinkErator's garbage disposal products." (*Id*. ¶ 2.) He has "conducted well over 1,000 motor tests on hundreds of different garbage disposal motors in [his] time working at InSinkErator." (*Id*. ¶ 5.) He "perform[s] [] tests ['to measure horsepower'] and record[s] their results regularly as part of [his] job function." (*Id*. at ¶ 5.) Most importantly, he has "personally run hundreds of tests using the specifications from UL 430, and [is] personally familiar with the requirements of that standard." (Zamecnik Reb. Decl. ¶ 5.)

Moreover, Mr. Zamecnik's statements about the purpose of the UL 430 safety standard, the requirements of that standard, and the proper execution of testing under that standard are properly founded on his intimate involvement with the testing of garbage disposals as part of his job. His statements concern the hundreds of UL 430 tests he has personally executed on garbage disposals

1   as a result of his employment. Thus, his testimony is proper lay opinion even if

2   the facts and data underlying his statements are technical.

3       **B.    Mr. Zamecnik's Testimony is Relevant.**

4           Evidence is relevant if it has "*any tendency* to make the existence of *any*

5   *fact* that is of consequence to the determination of the action more probable or

6   less probable than it would be without the evidence." Fed. R. Evid. 401

7   (emphasis added). This standard is a "low threshold." *Brown v. DirecTV, LLC*,

8   Case No. CV 13-1170-DMG, 2022 U.S. Dist. LEXIS 107244, *21 (C.D. Cal.

9   May 19, 2022) (finding testimony "cross[ed] the low threshold of relevance.")

10  (*quoting Tennard v. Dretke*, 542 U.S. 274, 285 (2004)).

11      Mr. Zamecnik's testimony easily crosses the threshold of relevance. His

12  statements that UL 430 is "a safety standard, not an advertising standard," and

13  that he does "not use the Current Input Test to measure a motor's horsepower,

14  and to my knowledge InSinkErator has never used the test in that manner" and

15  he was "personally surprised to learn that Joneca purports to use this test for

16  substantiation of consumer-facing horsepower claims" (Zamecnik Reb. Decl. ¶¶

17  6–7) are clearly relevant. As Joneca acknowledges, InSinkErator's Motion for

18  Preliminary Injunction requires the Court to determine whether Joneca's "use

19  [of] UL 430 as the basis" for its false horsepower claims constitutes false

20  advertising. (ECF 53 at 6:23–24.)

21      It is indisputable that testimony regarding the propriety of using UL 430

22  as an advertising standard, considering its purpose as a safety standard, is of

23  consequence to the determination of InSinkErator's Motion for Preliminary

24  Injunction. Mr. Zamecnik is a garbage disposal testing technician who has

25  conducted hundreds of garbage disposal safety tests under UL 430, and

26  countless other tests to measure the horsepower of garbage disposals. That he

27  has *never* used UL 430 to measure horsepower, and he finds it surprising that

28  Joneca is using UL 430 safety tests to substantiate consumer-facing horsepower

claims, plainly has a tendency to show that Joneca's use of UL 430 as the basis to rate a garbage disposal's horsepower and then advertise that rating is false advertising. Therefore, Joneca's argument that Mr. Zamecnik's testimony is irrelevant is simply incorrect.

## III.   CONCLUSION

InSinkErator respectfully urges this Court to overrule Joneca's objections to Mr. Zamecnik's Rebuttal Declaration.

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

DATED: January 2, 2025                    By: /s/ David Halberstadter
                                          David Halberstadter

*Attorneys for Plaintiff*

## **L.R. 11-6.2. Certificate of Compliance**

The undersigned, counsel of record for Plaintiff InSinkErator LLC, certifies that this brief contains 1,272 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

**KATTEN MUCHIN ROSENMAN LLP**

DATED: January 2, 2025                    By: /s/ David Halberstadter
                                                  David Halberstadter

*Attorneys for Plaintiff*
