**David Halberstadter (CA 107033)**
david.halberstadter@katten.com
**Asena Baran (CA 342626)**
asena.baran@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
2121 Avenue of The Stars, Suite 1100
Los Angeles, CA  90067-3012
Telephone:  310.788.4400
Facsimile:   310.788.4471

**Christopher A. Cole** (*pro hac vice*)
chris.cole@katten.com
**Michael R. Justus** (*pro hac vice*)
michael.justus@katten.com
**KATTEN MUCHIN ROSENMAN LLP**
1919 Pennsylvania Ave NW, Suite 800
Washington, DC  20006-3404
Telephone:  202.625.3500
Facsimile:  202.298.7570

**Julia L. Mazur** (*pro hac vice*)
julia.mazur@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
525 West Monroe St.
Chicago, IL 60661-3693
Telephone:  312.902.5200
Facsimile:   312.902.1061

*Attorneys for Plaintiff InSinkErator LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| INSINKERATOR LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JONECA COMPANY, LLC, a Delaware limited liability company, and THE JONECA CORPORATION, a California corporation,<br><br>　　　　Defendants. | Case No.: 8:24-cv-02600-JVS-ADS<br><br>**PLAINTIFF INSINKERATOR LLC'S RESPONSE TO DEFENDANTS JONECA COMPANY LLC AND THE JONECA CORPORATION'S OBJECTIONS TO THE REBUTTAL DECLARATION OF WILLIAM R. EISENSTADT, PH.D.**<br><br>Date: January 6, 2025<br>Time: 1:30 p.m.<br>Place: 10C<br><br>Assigned to Hon. James V. Selna |

Plaintiff InSinkErator LLC ("InSinkErator") responds to portions Defendants Joneca Company, LLC and The Joneca Corporation's ("Joneca") Objections to the Rebuttal Declaration of William R. Eisenstadt, Ph.D. ("Eisenstadt Reb. Decl.") (ECF 47–1), which Joneca filed in opposition to InSinkErator's Motion for Preliminary Injunction (ECF 55), as set forth below.

## I. PRELIMINARY STATEMENT

Joneca's objections to Dr. Eisenstadt's statements in Paragraphs 5 (lines 9–10 only), 8–14, 19, 21–23, 38–40, and 42 of his declaration are meritless. Dr. Eisenstadt has established that his testimony is relevant, reliable, and reliable expert opinion. (*See* ECF 28, Declaration of William R. Eisenstadt ("Eisenstadt Orig. Decl.").) His testimony sufficiently outlines his relevant knowledge, skill, experience, training, and education to make the conclusions therein; he explains the standards he considered to reach his conclusions; and his testimony proves that his conclusions are based on reliable principles and methods. This Court should therefore overrule Joneca's objections.

## II. ARGUMENT

### A. Relevant Legal Standards

The relevant legal standards for expert testimony are as set forth in Plaintiff's response to Defendants' objections to Dr. Eisenstadt's opening declaration, (ECF 44).

In addition, "[r]elevancy simply requires that the evidence logically advance a material aspect of the party's case." *Ruvalcaba-Garcia*, 923 F.3d at 1188. Evidence is relevant if it has "*any tendency* to make the existence of *any fact* that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). This standard is a "low threshold." *Brown v. DirecTV, LLC*, Case No. CV 13-1170-DMG, 2022 U.S. Dist. LEXIS 107244, *21 (C.D. Cal.

1  May 19, 2022) (finding testimony "cross[ed] the low threshold of relevance.")
2  (quoting *Tennard v. Dretke*, 542 U.S. 274, 285 (2004)).
3      Within this legal framework, and contrary to Joneca's arguments
4  otherwise, Dr. Eisenstadt's testimony is both relevant and reliable. This court
5  should rely on the Eisenstadt Declaration when deciding the preliminary
6  injunction motion.

7      **B.    Dr. Eisenstadt's Testimony Is Relevant.**

8      Although Joneca purports to make a "relevance inquiry" to assess whether
9  Dr. Eisenstadt's testimony is helpful to the trier of fact's understanding of the
10 issues (ECF 55 at 9), Joneca never actually assesses the relevance of Dr.
11 Eisenstadt's testimony per Rule 401. Instead, Joneca insists that Dr. Eisenstadt's
12 testimony is not helpful simply because it is contrary to the opinions of its own
13 expert. Yet, baldly stating that Dr. Eisenstadt's testimony is irrelevant because
14 it is contradicted by the opposing party's expert is insufficient to show that the
15 testimony should be excluded. Joneca's baseless conclusion should have no
16 bearing on the Court's analysis of whether that testimony has a tendency to make
17 more probable or less probable the existence of any fact that is of consequence
18 to the determination of the action, per Rule 401. That Joneca's expert has
19 submitted contrary testimony on the same subject matter only demonstrates that
20 Joneca understands Dr. Eisenstadt's testimony is relevant, and thus its objection
21 is disingenuous.

22     **C.    Dr. Eisenstadt's Testimony Is Reliable and Helpful.**

23     As explained in Plaintiff's response to Defendants' objections to Dr.
24 Eisenstadt's opening declaration, Dr. Eisenstadt has the necessary knowledge,
25 skill, experience, training, or education to make his conclusions. (ECF 44.) Dr.
26 Eisenstadt has specialized as "an expert in the field of electronic circuitry and
27 in the design and testing of circuits for ignition systems and power electronics,
28 including power integrated circuit design and testing" for 45 years, and has

3

INSINKERATOR'S RESPONSE TO JONECA'S OBJECTIONS TO THE REBUTTAL DECLARATION OF WILLIAM R. EISENSTADT, PH.D.

"significant direct experience in power electronics and power systems, engine ignition systems and electric motors." (Eisenstadt Orig. Decl. ¶¶ 1–3).

Dr. Eisenstadt testifies as to how his knowledge, skill, experience, training, and education qualifies him to opine about the proper standard for garbage disposal horsepower testing. Dr. Eisenstadt testified that: "Reviewing and understanding the specifications contained in standards requires basic engineering skills, and I am very experienced in doing so. I regularly use standards for my electronics work at the University of Florida." (Eisenstadt Reb. Decl ¶ 6.) Plainly, he is sufficiently skilled to read and understand specifications and standards regarding electric motors.

Further, Dr. Eisenstadt analyzed how garbage disposals are marketed by retailers, retailers' descriptions of horsepower, and advertising or buyers' guides on garbage disposals. (*See* Eisenstadt Orig. Decl. ¶¶ 26–30.) He searched "the literature and found no relevant standards or reputable texts in which any engineer categorized the electric power input used by a motor for all purposes as its 'horsepower.'" (Eisenstadt Reb. Decl ¶ 17.)

His conclusions are thus based on the relevant facts he reviewed and grounded in his expertise and years of research in the field. It is plainly helpful to the Court to hear an accurate summary of relevant scientific, engineering, and academic literature and standards and other research conducted by Dr. Eisenstadt within his long-established expertise.

## III. CONCLUSION

InSinkErator respectfully asks this Court to overrule Joneca's objections to the Eisenstadt Rebuttal Declaration.

1 | Respectfully submitted,

2 |           **KATTEN MUCHIN ROSENMAN LLP**

3 | DATED: January 2, 2025      By: /s/ David Halberstadter

4 |             David Halberstadter

5 |             *Attorneys for Plaintiff*

5

INSINKERATOR'S RESPONSE TO JONECA'S OBJECTIONS TO THE REBUTTAL DECLARATION OF WILLIAM R. EISENSTADT, PH.D.

## L.R. 11-6.2. Certificate of Compliance

The undersigned, counsel of record for Plaintiff InSinkErator LLC, certifies that this brief contains 808 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

                          **KATTEN MUCHIN ROSENMAN LLP**

DATED: January 2, 2025          By: /s/ David Halberstadter
                                           David Halberstadter

                                      *Attorneys for Plaintiff*

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel  +1.310.788.4471 fax

6
INSINKERATOR'S RESPONSE TO JONECA'S OBJECTIONS TO THE REBUTTAL DECLARATION OF WILLIAM R. EISENSTADT, PH.D.