1  **David Halberstadter (CA 107033)**
   david.halberstadter@katten.com
2  **Asena Baran (CA 342626)**
   asena.baran@katten.com
3  **KATTEN MUCHIN ROSENMAN LLP**
   2121 Avenue of The Stars, Suite 1100
4  Los Angeles, CA  90067-3012
   Telephone:  310.788.4400
5  Facsimile:   310.788.4471

6  **Christopher A. Cole** (*pro hac vice*)
   chris.cole@katten.com
7  **Michael R. Justus** (*pro hac vice*)
   michael.justus@katten.com
8  **KATTEN MUCHIN ROSENMAN LLP**
   1919 Pennsylvania Ave NW, Suite 800
9  Washington, DC  20006-3404
   Telephone:  202.625.3500
10 Facsimile:  202.298.7570

11 **Julia L. Mazur** (*pro hac vice*)
   julia.mazur@kattenlaw.com
12 **KATTEN MUCHIN ROSENMAN LLP**
   525 West Monroe St.
13 Chicago, IL 60661-3693
   Telephone:  312.902.5200
14 Facsimile:   312.902.1061

*Attorneys for Plaintiff InSinkErator LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| INSINKERATOR LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>v.<br><br>JONECA COMPANY, LLC, a Delaware limited liability company, and THE JONECA CORPORATION, a California corporation,<br><br>            Defendants. | Case No.: 8:24-cv-02600-JVS-ADS<br><br>**PLAINTIFF INSINKERATOR LLC'S RESPONSE TO DEFENDANTS JONECA COMPANY LLC AND THE JONECA CORPORATION'S OBJECTIONS TO THE REBUTTAL DECLARATION OF DANE T. HOFMEISTER**<br><br>Date: January 6, 2025<br>Time: 1:30 p.m.<br>Place: 10C<br><br>Assigned to Hon. James V. Selna |

Plaintiff InSinkErator LLC ("InSinkErator") responds to portions Defendants Joneca Company, LLC and The Joneca Corporation's ("Joneca") Objections to the Rebuttal Declaration of Dane T. Hofmeister ("Hofmeister Reb. Decl.") (ECF 47–2), which Joneca filed in opposition to InSinkErator's Motion for Preliminary Injunction (ECF 56), as set forth below.

## I.   PRELIMINARY STATEMENT

Joneca's objections to Mr. Hofmeister's testimony are meritless. Mr. Hofmeister has established that his testimony is relevant and admissible lay opinion because it is rationally based on particularized knowledge he gained as a result of years of experience within his field of employment. This Court should therefore overrule Joneca's objections and find that Mr. Hofmeister can properly testify to facts and opinions based on his personal knowledge.

## II.   ARGUMENT

### A.   Mr. Hofmeister's Testimony Is Relevant.

Evidence is relevant if it has "*any tendency* to make the existence of *any fact* that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). This standard is a "low threshold." *Brown v. DirecTV, LLC*, Case No. CV 13-1170-DMG, 2022 U.S. Dist. LEXIS 107244, *21 (C.D. Cal. May 19, 2022) (finding testimony "cross[ed] the low threshold of relevance.") (*quoting Tennard v. Dretke*, 542 U.S. 274, 285 (2004)).

Mr. Hofmeister's testimony easily crosses the threshold of relevance. As Joneca acknowledges, whether "manufacturers use UL 430 to rate the horsepower of their disposers . . . [is] at the center of this dispute." (ECF 57 at 6:1–3.) Thus, it is indisputable that Dr. Hofmeister's testimony regarding the propriety of using UL 430 as a horsepower advertising standard, considering its purpose as a safety standard, is of consequence to the determination of InSinkErator's Motion for Preliminary Injunction.

1 Mr. Hofmeister's testimony that "UL 430 is a safety standard for garbage
2 disposals," that "does not govern horsepower claims in advertising," and "does
3 not measure horsepower at all" has a tendency to show that Joneca's use of UL
4 430 as the basis to rate a garbage disposal's horsepower and then advertise that
5 rating is false advertising. (*Id*. ¶¶ 7, 9–10.) His testimony that InSinkErator tests
6 for horsepower on a dynamometer to determine the horsepower claim for a
7 garbage disposal, which is consistent with engineering best practices, also has a
8 tendency to show that Joneca's use of UL 430 as the basis to rate a garbage
9 disposal's horsepower and then advertise that rating is false advertising. (*See id.*
10 at ¶¶ 11–12.) Therefore, Joneca's argument that Mr. Hofmeister's testimony is
11 irrelevant is simply incorrect.

## B. Mr. Hofmeister's Testimony Is Proper Lay Opinion.

"Opinion testimony by lay witnesses is admissible if it is '(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.'" *See United States v. Goodheim*, 686 F.2d 776, 779 (9th Cir. 1982) (quoting Fed. R. Evid. 701). "Rule 701 is meant to admit testimony based on the lay expertise a witness personally acquires through experience, often on the job." *City of Torrance v. Hi-Shear Corp.*, Case No.: 2:17-cv-07732-FWS-JPR2024 U.S. Dist. LEXIS 206626, *14 (C.D. Cal. May 22, 2024) (overruling evidentiary objections).

A lay witness may "testif[y] based upon their particularized knowledge garnered from years of experience within the field." *United States ex rel. Technica, LLC v. Carolina Cas. Ins. Co.*, Case No.: 08-CV-01673-H (KSC), 2012 U.S. Dist. LEXIS 51766, *15 (C.D. Cal. Apr. 11, 2012) (finding lay opinion based on the witness's experience in the field, relevant, and helpful to the Court); *see also William Hablinski Architecture v. Amir Constr., Inc.*, Case No. CV-03-6365 CAS (RNBx), 2005 U.S. Dist. LEXIS 50559, *26 (C.D. Cal. Feb. 7, 2005) (finding "a partner in WHA who was intimately involved in the

design of the Sands Residence," "may testify as a lay witness under Rule 701" on "practices at WHA and in the industry").

Therefore, "[c]ourts routinely permit witnesses to offer lay opinion testimony concerning matters they learn or experience they gain as a result of their employment." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 946–47 (C.D. Cal. 2014) (collecting cases). "[J]ust because the underlying facts and data are technical does not transform the information into 'expert testimony' when those facts are within the personal knowledge and experience of the company's employee." *Id.* at 947.

Moreover, "[p]ersonal knowledge may be inferred from declarations that concern areas within the declarant's job responsibilities." *Silva v. AvalonBay Cmtys., Inc.*, Case No. LA CV15-04157 JAK (PLAx), 2015 U.S. Dist. LEXIS 140673, *10 fn. 1 (C.D. Cal. Oct. 8, 2015) (overruling evidentiary objections); *see also In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000) ("Personal knowledge may be inferred from a declarant's position."); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (holding that a CEO's personal knowledge of various corporate activities could be presumed). "Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony." Fed. R. Evid. 602.

Here, Mr. Hofmeister's statements are admissible as lay opinion because he testifies to facts that he knows to be true based on his years of experience testing, and supervising the testing of, garbage disposal motors. He has been employed as an engineer at InSinkErator since 2007, and in his current role, he is responsible for overseeing and providing technical guidance to InSinkErator's team dedicated to the testing and certification of InSinkErator products. (*Id.* ¶ 2.) From 2011 to 2014, Mr. Hofmeister was InSinkErator's Manager of the Product Engineering Test Lab, overseeing nine lab technicians and an agency engineer. (*Id.* ¶ 3.) In this role, he became personally familiar with

InSinkErator's testing procedures as well as with various applicable standards and specifications for the garbage disposal industry. (*See id.* ¶ 4.) The challenged testimony is proper lay opinion because it is rationally based on his particularized knowledge garnered from years of experience within his field of employment.

Moreover, Mr. Hofmeister's statements about the purpose of the UL 430 safety standard, the requirements of that standard, and the proper execution of testing under that standard are properly founded on his intimate involvement with the testing of garbage disposals as part of his job. His statements concern his understanding of UL 430 as a result of his employment. He states that the lab he supervises conducts UL 430 tests for safety certification purposes. (*See* Hofmeister Reb. Decl. ¶¶ 2–3, 8.) Thus, his testimony is proper lay opinion even if the facts and data underlying his statements are technical.

## III.   CONCLUSION

InSinkErator respectfully asks this Court to overrule Joneca's objections to the Hofmeister Rebuttal Declaration.

Respectfully submitted,

                                        **KATTEN MUCHIN ROSENMAN LLP**

DATED: January 2, 2025                By: /s/ David Halberstadter
                                              David Halberstadter

                                              *Attorneys for Plaintiff*

## L.R. 11-6.2. Certificate of Compliance

The undersigned, counsel of record for Plaintiff InSinkErator LLC, certifies that this brief contains 1,106 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

KATTEN MUCHIN ROSENMAN LLP

DATED: January 2, 2025

By: /s/ David Halberstadter
David Halberstadter

*Attorneys for Plaintiff*