1  **David Halberstadter (CA 107033)**
   david.halberstadter@katten.com
2  **Asena Baran (CA 342626)**
   asena.baran@katten.com
3  **KATTEN MUCHIN ROSENMAN LLP**
   2121 Avenue of The Stars, Suite 1100
4  Los Angeles, CA  90067-3012
   Telephone:  310.788.4400
5  Facsimile:   310.788.4471

6  **Christopher A. Cole** (*pro hac vice*)
   chris.cole@katten.com
7  **Michael R. Justus** (*pro hac vice*)
   michael.justus@katten.com
8  **KATTEN MUCHIN ROSENMAN LLP**
   1919 Pennsylvania Ave NW, Suite 800
9  Washington, DC  20006-3404
   Telephone:  202.625.3500
10 Facsimile:  202.298.7570

11 **Julia L. Mazur** (*pro hac vice*)
   julia.mazur@kattenlaw.com
12 **KATTEN MUCHIN ROSENMAN LLP**
   525 West Monroe St.
13 Chicago, IL 60661-3693
   Telephone:  312.902.5200
14 Facsimile:   312.902.1061

15 *Attorneys for Plaintiff InSinkErator LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| INSINKERATOR LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JONECA COMPANY, LLC, a Delaware limited liability company, and THE JONECA CORPORATION, a California corporation,<br><br>　　　　　Defendants. | Case No.: 8:24-cv-02600-JVS-ADS<br><br>**PLAINTIFF INSINKERATOR LLC'S RESPONSE TO DEFENDANTS JONECA COMPANY LLC AND THE JONECA CORPORATION'S OBJECTIONS TO THE REBUTTAL DECLARATION OF SHILIANG WANG, PH.D.**<br><br>Date: January 6, 2025<br>Time: 1:30 p.m.<br>Place: 10C<br><br>Assigned to Hon. James V. Selna |

Plaintiff InSinkErator LLC ("InSinkErator") responds to portions Defendants Joneca Company, LLC and The Joneca Corporation's ("Joneca") Objections to the Rebuttal Declaration of Shiliang Wang, Ph.D. ("Wang Reb. Decl.") (ECF 47–4), which Joneca filed in opposition to InSinkErator's Motion for Preliminary Injunction (ECF 57), as set forth below.

## I.    PRELIMINARY STATEMENT

Joneca's objections to Dr. Wang's testimony are meritless. Dr. Wang has established that his testimony is relevant and admissible lay opinion because it concerns matters he learned and the experience he gained as a result of his employment.

Additionally, both his testimony about his email exchange with engineers from Underwriters Laboratories, Inc. ("UL") and the email themselves are admissible for two reasons: (1) they fall within the scope of the "residual" exception to the rule against hearsay (Fed. R. Evid. 807(a)); and (2) even if the testimony and emails constitute hearsay not within the scope of any exception, they are admissible in connection with a motion for preliminary injunction, as Joneca has repeatedly acknowledged. This Court should therefore overrule Joneca's objections.

## II.    ARGUMENT

### A.    Dr. Wang's Testimony Is Relevant.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). This standard is a "low threshold." Brown v. DirecTV, LLC, Case No. CV 13-1170-DMG, 2022 U.S. Dist. LEXIS 107244, *21 (C.D. Cal. May 19, 2022) (finding testimony "cross[ed] the low threshold of relevance.") (quoting Tennard v. Dretke, 542 U.S. 274, 285 (2004)).

Dr. Wang's testimony easily crosses the threshold of relevance. As Joneca acknowledges, whether "manufacturers use UL 430 to rate the horsepower of their disposers . . . [is] at the center of this dispute." (ECF 57 at 6:1–3.) Thus, it is indisputable that Dr. Wang's testimony regarding the propriety of using UL 430 as a horsepower advertising standard, considering its express purpose as a "safety" standard, is relevant.

Dr. Wang is a motor engineer with a Ph.D. in Electrical and Electronics Engineering who has been "working with and studying motors since 2007." (Wang Reb. Decl. ¶¶ 1–2, 17.) His testimony that there is no authority to support Joneca's position that the horsepower of an electric motor as its electric power input or use horsepower as a unit for electric input power certainly has a tendency to show that Joneca's use of UL 430 as the basis to rate a garbage disposal's horsepower and then advertise that rating is false advertising. Therefore, Joneca's argument that Mr. Wang's testimony is irrelevant is simply incorrect.

### B. Dr. Wang's Testimony Is Proper Lay Opinion.

"Opinion testimony by lay witnesses is admissible if it is '(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.'" *See United States v. Goodheim*, 686 F.2d 776, 779 (9th Cir. 1982) (quoting Fed. R. Evid. 701). "Rule 701 is meant to admit testimony based on the lay expertise a witness personally acquires through experience, often on the job." *City of Torrance v. Hi-Shear Corp.*, Case No.: 2:17-cv-07732-FWS-JPR, 2024 U.S. Dist. LEXIS 206626, *14 (C.D. Cal. May 22, 2024) (overruling evidentiary objections).

A lay witness may "testif[y] based upon their particularized knowledge garnered from years of experience within the field." *United States ex rel. Technica, LLC v. Carolina Cas. Ins. Co.*, Case No.: 08-CV-01673-H (KSC), 2012 U.S. Dist. LEXIS 51766, *15 (C.D. Cal. Apr. 11, 2012) (finding lay

opinion based on the witness's experience in the field, relevant, and helpful to the Court); *see also William Hablinski Architecture v. Amir Constr., Inc.*, Case No. CV-03-6365 CAS (RNBx), 2005 U.S. Dist. LEXIS 50559, *26 (C.D. Cal. Feb. 7, 2005) (finding "a partner in WHA who was intimately involved in the design of the Sands Residence," "may testify as a lay witness under Rule 701" on "practices at WHA and in the industry").

Therefore, "[c]ourts routinely permit witnesses to offer lay opinion testimony concerning matters they learn or experience they gain as a result of their employment." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 946–47 (C.D. Cal. 2014) (collecting cases). "[J]ust because the underlying facts and data are technical does not transform the information into 'expert testimony' when those facts are within the personal knowledge and experience of the company's employee." *Id.* at 947.

Moreover, "[p]ersonal knowledge may be inferred from declarations that concern areas within the declarant's job responsibilities." *Silva v. AvalonBay Cmtys., Inc.*, Case No. LA CV15-04157 JAK (PLAx), 2015 U.S. Dist. LEXIS 140673, *10 fn. 1 (C.D. Cal. Oct. 8, 2015) (overruling evidentiary objections); *see also In re Kaypro*, 218 F.3d 1070, 1075 (9th Cir. 2000) ("Personal knowledge may be inferred from a declarant's position."); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) (holding that a CEO's personal knowledge of various corporate activities could be presumed). "Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony." Fed. R. Evid. 602.

Here, Mr. Wang's statements are admissible lay opinion because he testifies to facts that he knows to be true based on his years of experience working with motors and motor testing standards. The challenged testimony is rationally based on his particularized knowledge garnered from years of experience within his field of employment.

As discussed above, Dr. Wang is a motor engineer with a Ph.D. in Electrical and Electronics Engineering from a renowned research university who has been "working with and studying motors since 2007." (Wang Reb. Decl. ¶¶ 1–2, 17.) In [his] work as a motor engineer, [he has] reviewed and [] understand[s] applicable standards and specifications for the motors and components with which [he is] working." (*Id.* at ¶ 4.) "In [his] work at InSinkErator, these standards include Underwriters Laboratories Inc.'s ("UL") 'Standard for Safety for Waste Disposers,' UL 430." (*Id.*)

Moreover, Dr. Wang's statements about the purpose of the UL 430 safety standard, the requirements of that standard, and the proper execution of testing under that standard are properly founded on his intimate involvement with the testing of garbage disposals as part of his job. His statements concern his understanding of UL 430 as a result of his employment. Thus, his testimony is proper lay opinion even if the facts and data underlying his statements are technical.

C. **Dr. Wang's Testimony Is Not Hearsay.**

Joneca objects to paragraphs 14–16 of Dr. Wang's declaration and Exhibit A thereto on the grounds that his email exchange with engineers at UL constitute inadmissible hearsay. This testimony, and the exhibit comprising those emails, are admissible for two reasons: (1) they fall within the scope of the "residual" exception to the rule against hearsay (Fed. R. Evid. 807(a)); and (2) even if the testimony and emails constitute hearsay not within the scope of any exception, they are admissible in connection with a motion for preliminary injunction, as Joneca has repeatedly acknowledged.

1. **The Testimony and Emails Fall Within The Residual Exception To The Rule Against Hearsay.**

Federal Rule of Evidence 807 provides that a hearsay statement is not excluded by the rule against hearsay even if the statement does not fall within a

5

INSINKERATOR'S RESPONSE TO JONECA'S OBJECTIONS TO THE REBUTTAL DECLARATION OF SHILIANG WANG, PH.D.

hearsay exception in Rule 803 or 804 if: (1) the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts. *See S.E.C. v. Daifotis*, 874 F. Supp. 2d 870, 878 (N.D. Cal. 2012) (email admitted under residual exception because the statement bears circumstantial guarantees of trustworthiness and is more probative than any other evidence the SEC could obtain through reasonable efforts).

Dr. Wang's testimony about his email exchanges with UL engineers fits squarely within this rule. UL is an independent company that is one of several that are approved to perform safety testing by the Occupational Safety and Health Administration (OSHA). UL and its engineers have no investment in the false advertising dispute between ISE and Joneca and have no motivation whatsoever to favor one party or the other. So, when UL's engineer confirms that UL 430—which Joneca now says it relies on exclusively to defend its false advertising—is a safety standard for waste disposals and is not meant to be used to determine the advertised horsepower of garbage disposals, their statements bear sufficient guarantees of trustworthiness.

Moreover, there could be no one whose testimony about the intent and purposes of UL 430 would be more probative than UL's own engineers. Simply put, UL 430 is *its* safety standard, and it is highly probative that UL's engineers confirm that this standard is not meant to be used to determine horsepower ratings.

### 2.  Hearsay Is Admissible In Connection With A Motion For Preliminary Injunction.

Throughout its objections to virtually all of ISE's declarants' testimony, Joneca has repeatedly acknowledged that a preliminary injunction applicant is

6

INSINKERATOR'S RESPONSE TO JONECA'S OBJECTIONS TO THE REBUTTAL DECLARATION OF SHILIANG WANG, PH.D.

allowed to submit evidence that is "less formal" and "less complete" than required for normal motion practice, and it need not meet normal evidentiary standards. (*See* ECF 38-8, Joneca's Objections to the Eisenstadt Decl., at 2 ("While a preliminary injunction applicant may be allowed to submit evidence that is 'less formal' and 'less complete' than required for normal motion practice, and it need not meet normal evidentiary standards, *see*, *e.g.*, *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003), the 'weight to be given such evidence is a matter for the Court's discretion, upon consideration of the competence, personal knowledge, and credibility of the [declarant].' *Bracco v. Lackner*, 462 F. Supp. 436, 442 n.3 (N.D. Cal. 1978)."); ECF 38–9, Joneca's Objections to the Eubanks Decl., at 2 (same); ECF 38–10, Joneca's Objections to the Zamecnik Decl., at 2 (same)). The weight to be given hearsay evidence is a matter for the Court's discretion. This Court "may [] consider hearsay in deciding whether to issue a preliminary injunction." *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009) (considering declarant's testimony constituting hearsay to affirm issuance of a preliminary injunction); *Indep. Techs., LLC v. Otodata Wireless Network, Inc.*, 836 Fed. Appx. 531, 533 (9th Cir. 2020) (considering emails constituting hearsay to affirm issuance of a preliminary injunction).

Accordingly, even if Dr. Wang's testimony about his email exchange with UL engineers and the emails themselves constitute hearsay, they should be considered in this proceeding, and this Court in its discretion can give what weight to this evidence it considers appropriate. Given that the testimony and the emails evidence the statements of UL's own engineer with respect to UL 430, ISE urges this Court to give it substantial weight.  Should this case proceed to trial, Joneca will have ample opportunity to seek discovery of UL directly.

## III. CONCLUSION

InSinkErator respectfully asks this Court to overrule Joneca's objections to the Wang Rebuttal Declaration.

Respectfully submitted,

                                **KATTEN MUCHIN ROSENMAN LLP**

DATED: January 2, 2025            By: /s/ David Halberstadter
                                                    David Halberstadter

                                                    *Attorneys for Plaintiff*

Katten
Katten Muchin Rosenman LLP
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067-5010
+1.310.788.4400 tel  +1.310.788.4471 fax

## L.R. 11-6.2. Certificate of Compliance

The undersigned, counsel of record for Plaintiff InSinkErator LLC, certifies that this brief contains 1,845 words, which complies with the word limit of L.R. 11-6.1.

Respectfully submitted,

KATTEN MUCHIN ROSENMAN LLP

DATED: January 2, 2025

By: /s/ David Halberstadter
David Halberstadter

*Attorneys for Plaintiff*