**HOGAN LOVELLS US LLP**
TRENTON H. NORRIS (Bar No. 164781)
4 Embarcadero Center, Suite 3500
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499
trent.norris@hoganlovells.com

MICHAEL L. TURRILL (Bar No. 185263)
JOSEPH R. O'CONNOR (Bar No. 274421)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone:(310) 785-4600
Facsimile:(310) 785-4601
michael.turrill@hoganlovells.com
joe.oconnor@hoganlovells.com

*Attorneys for Defendants and Counter-Claimant*
JONECA COMPANY, LLC and
THE JONECA CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INSINKERATOR LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>JONECA COMPANY LLC, a Delaware limited liability company, and THE JONECA CORPORATION, a California corporation,<br><br>Defendants.<br><br>JONECA COMPANY, LLC, a Delaware limited liability company,<br><br>Counter-Claimant,<br><br>vs.<br><br>INSINKERATOR LLC, a Delaware limited liability company,<br><br>Counter-Defendant. | Case No.: 8:24-cv-02600-JVS-ADS<br><br>Action Filed: November 27, 2024<br><br>**DEFENDANT/COUNTER-CLAIMANT JONECA COMPANY, LLC'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT INSINKERATOR LLC'S MOTION TO DISMISS COUNTERCLAIMS**<br><br>Judge: Honorable James V. Selna<br><br>Date: March 31, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 10C |

The Court should deny Plaintiff/Counter-Defendant InSinkErator LLC's ("InSinkErator") Motion to Dismiss Defendant/Counter-Claimant Joneca Company, LLC's ("Joneca") Counterclaims (Dkt. 97) ("Motion") because the Motion is now moot. Pursuant to Rule 15(a)(1)(B), Joneca timely filed its First Amended Counterclaims (Dkt. 98) ("Amended Counterclaims") on March 10, 2025. *See* Fed. R. Civ. Pro. 15(a)(1)(B) (a party may amend its pleading to which a responsive pleading is required once as a matter of course "21 days after service of a motion under Rule 12(b)"). Joneca's Amended Counterclaims supersede its original counterclaims, "which [are] no longer in effect." *Ramirez v. Cnty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations omitted).

InSinkErator's Motion is directed at the original pleading, and because the original pleading "no longer performs any function," the Motion should be "deemed moot." *Id.*; *see also Corona v. PNC Fin. Servs. Grp., Inc.*, 2020 WL 7872203, *1 (C.D. Cal. Nov. 11, 2020) (finding the "SAC was properly filed pursuant to Fed. R. Civ. P. 15(a)(1)," and "[d]efendant's [motion to dismiss] is now moot, as it targets the [p]laintiff's First Amended Complaint, which is no longer in effect") (citations omitted); *Prencipe v. Pishevar*, 2023 WL 5505870, *2 (C.D. Cal. June 20, 2023) ("Defendant's [motions to dismiss and first amended complaint] are now moot, as they target the [p]laintiff's First Amended Complaint, which is no longer in effect") (citations omitted).

Joneca's Amended Counterclaims address the arguments that InSinkErator advances in its Motion—*i.e.*, that Joneca did not adequately plead the element of materiality under its Lanham Act claim (Mot. at 10:12–12:24), and that Joneca's remaining causes of action fail because they necessarily depended on the viability of Joneca's Lanham Act claim (*id.* at 12:26–14:4). Furthermore, InSinkErator's Motion would have to be denied even absent an amendment because InSinkErator cannot seriously contend that Joneca's counterclaims lack plausible allegations regarding

materiality since InSinkErator itself admits repeatedly and unequivocally in this litigation that representations about disposer horsepower are material to consumers. *See* Dkt. 1, Compl. ¶ 26 (arguing that horsepower is "a material factor in selection and purchasing decisions"); ¶ 31 (same). While Joneca disputes InSinkErator's allegations as to Joneca's horsepower classifications, InSinkErator is bound by its own admissions. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them.").

In any event, Joneca has amended its counterclaims to add the allegations that InSinkErator contends are missing. As explained in Joneca's Amended Counterclaims, by overstating the horsepower of its disposers, InSinkErator influences consumer purchasing decisions because consumers are led to believe that InSinkErator's disposers perform just as well, if not better, than Joneca's, when that is in fact not true. *See* Amended Counterclaims ¶¶ 16–22.

For the foregoing reasons, Joneca respectfully requests that the Court deny InSinkErator's Motion to Dismiss Joneca's Counterclaims (Dkt. 97) as moot.

Dated: March 10, 2024            HOGAN LOVELLS US LLP

*/s/ Trenton H. Norris*
Trenton H. Norris

*Attorneys for Defendants and Counter-Claimant*
JONECA COMPANY, LLC and
THE JONECA CORPORATION