# EXHIBIT A

Case 8:24-cv-02600-JVS-ADS   Document 112-1   Filed 06/02/25   Page 1 of 10   Page ID #:2068

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Moen Incorporated, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>InSinkErator LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: |

## COMPLAINT

Plaintiff Moen Incorporated ("Moen"), through its attorneys Perkins Coie LLP and Calfee, Halter & Griswold LLP, hereby brings this action against InSinkErator LLC ("ISE") for a declaratory judgment of no false advertising, and for slander and violation of the Ohio Deceptive Trade Practices Act.

## NATURE OF THE ACTION

1. In this action, Moen seeks a declaratory judgment to resolve an actual case or controversy between the parties as to the truthfulness of Moen's advertising pertaining to certain garbage disposals. Contrary to ISE's contention, Moen's advertising is neither literally false nor misleading and cannot give rise to a claim for false advertising or any other related claim. Moen also brings claims for slander and violation of the Ohio Deceptive Trade Practices Act based on ISE's false statements to Moen resellers and suppliers that Moen is providing private label garbage disposals for a leading plumbing supply company.

## PARTIES

2. Plaintiff Moen Incorporated is a corporation organized under the laws of Delaware, with its principal place of business at 25300 Al Moen Drive, North Olmsted, Ohio 44070.

3. On information and belief, Defendant InSinkErator LLC is a Delaware limited liability company with its principal place of business at 1250 International Drive, Mt. Pleasant, Wisconsin 53177.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment under 28 U.S.C. § 2201 *et seq*, slander, and violation of the Ohio Deceptive Trade Practices Act. The Court has jurisdiction over the subject matter of this action under Section 309 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over the claims that arise under state law pursuant to 28 U.S.C. § 1367(a) because these state law claims are so related to Moen's claims under federal law that they form the same case or controversy and derive from a common nucleus of operative facts.

5. The Court has personal jurisdiction over ISE because ISE does business with Ohio customers, and otherwise targets Ohio consumers in connection with the marketing and sale of its garbage disposals. ISE also threatened Moen in this District and caused harm to Moen in this District. Upon information and belief, ISE sells a substantial amount of products in this District and derives substantial revenue from those sales, including sales of its garbage disposals. Upon information and belief, ISE has an established distribution channel and chain for its products, including its garbage disposals, in this District.

6. This District is a proper venue pursuant to 28 U.S.C. § 1391(b) because Moen resides in this District, Moen and ISE do business in this District, and a substantial part of the events giving rise to the claims occurred here.

**FACTUAL ALLEGATIONS**

A.      **Moen, Its Business, and Its Garbage Disposal Advertising**

7.      Having sold its first product in 1947, and headquartered outside of Cleveland since 1956, Moen is now a leading manufacturer and distributer of a diverse line of plumbing products, kitchen faucets, lavatory faucets, shower heads, tub spouts, sinks, and related plumbing accessories throughout the United States.

8.      Among Moen's many product offerings is a line of garbage disposals.

9.      Moen has devoted extensive resources to the development of proven and respected designs for its garbage disposals. Since 2016, Moen has sold garbage disposals to mass merchandisers, plumbers and wholesale distributors of plumbing products.

10.     Moen's garbage disposals are offered in a variety of sizes and available in different grinding powers with varying features across four distinct lines (LITE, PREP, HOST, and LUXE CHEF).

11.     Like most manufacturers of garbage disposals, Moen references 1/3 horsepower ("HP"), 1/2 HP, 3/4 HP, and 1 HP, which varies across different Moen disposals.

12.     The references to 1/3 HP, 1/2 HP, 3/4 HP, and 1 HP in connection with Moen disposals is marked on the Moen disposals, on packaging, and on other marketing and point of sale materials.

13.     There are many ways to measure HP, and there is no accepted industry standard for testing the HP of garbage disposals.

14.     Testing of Moen's disposal systems substantiates the system horsepower associated with Moen's products.

**B. ISE and its Demand to Moen**

15. ISE manufactures and sells residential and commercial kitchen and plumbing products and accessories, including garbage disposals.

16. ISE competes with Moen and other companies in the garbage disposal market.

17. On December 16, 2024, ISE sent a letter to Moen at its corporate headquarters in North Olmsted, Ohio, outside of Cleveland, (as well as to its parent company Fortune Brands Innovations, Inc.) in which it alleged that Moen engaged in false advertising and demanded that Moen "correct the false claims."

18. More specifically, ISE stated in the letter that it determined through testing that Moen's EX 75c and EX 100c garbage disposals did not "achieve" the claimed horsepower ratings for those products, 3/4 HP and 1 HP, respectively.

19. ISE accused Moen of making false advertising claims as to those products' horsepower, in violation of federal law.

20. ISE stated that these allegedly false claims deceive and harm consumers and retailers and result in serious harm and damages to ISE.

21. ISE referenced recent litigation it instigated in California relating to similar issues against another manufacturer of garbage disposals.

22. In follow-up communications, ISE threatened legal action against Moen if Moen did not provide a satisfactory explanation for its HP claims.

23. Consequently, Moen has reasonably believed that a lawsuit for false advertising brought by ISE could be imminent.

24. Notwithstanding ISE's contentions, Moen's HP statements are not literally false, nor are they misleading based on Moen's independent testing.

25. Even if ISE's testing methodology were appropriate to measure disposal system horsepower (which it is not), the testing data it relies on is inaccurate.

26. Moreover, the testing ISE provided to Moen fails to properly measure the operational system horsepower present in Moen's disposal units in real-world operation.

**C.     ISE's False Statements About Moen**

27. On information and belief, ISE representatives have falsely communicated to various Moen resellers that Moen is providing private label garbage disposals for a large reseller of plumbing products ("Reseller A").

28. For example, on information and belief, during meetings at the American Supply Association tradeshow in Chicago on November 14, 2024, ISE falsely told various Moen resellers that Moen was producing private label garbage disposals for Reseller A.

29. On information and belief, an ISE representative told one of these same Moen customers that "Moen is lying to you if they tell you otherwise."

30. These false statements by ISE created the perception that Moen is providing preferential treatment to Reseller A by providing private-label disposals and damaged Moen's reputation by implying that Moen is being dishonest with its customers by not disclosing the purported relationship with Reseller A.

31. This perception has harmed Moen in the marketplace, as it is likely to cause other resellers to seek private label deals from competitors of Moen, like ISE, for example, to the exclusion of Moen.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment of No False Advertising, 28 U.S.C. §§ 2201-2202

32. Moen incorporates by reference the allegations contained in the foregoing paragraphs as if fully restated.

33. ISE has alleged that Moen's horsepower claims in connection with certain garbage disposals are false and misleading.

34. Moen denies that its garbage disposal horsepower claims are false or misleading.

35. Moen has been and will continue to be damaged by the persistent threat and uncertainty created by ISE with respect to Moen's garbage disposal horsepower claims.

36. Accordingly, Moen is entitled to a declaration by this Court that Moen's garbage disposal horsepower claims are neither false nor misleading and that those claims do not give rise to false advertising or any other related legal claim.

## SECOND CLAIM FOR RELIEF

### Slander

37. Moen incorporates by reference the allegations contained in the foregoing paragraphs as if fully restated.

38. On information and belief, ISE representatives falsely communicated to various Moen resellers and suppliers that Moen is providing private label garbage disposals for Reseller A.

39. At the time ISE made these statements, it knew or should have known they were false.

40. On information and belief, ISE made these false statements about Moen with the intent to injure Moen's reputation and adversely affect Moen's business in the garbage disposal and plumbing industry.

41. As a proximate result of these statements, (a) Moen has suffered general damages, including reputational damage, and (b) Moen has incurred various special damages, including, but not limited to, the potential for lost resellers as well as resources and expenses incurred in efforts to remedy ISEs' false statements and their effects.

### THIRD CLAIM FOR RELIEF

**Violation of Ohio Deceptive Trade Practices Act, O.R.C. § 4165.02**

42. Moen incorporates by reference the allegations contained in the foregoing paragraphs as if fully restated.

43. ISE's false statements about Moen, as described above, caused a misunderstanding as to Moen's affiliation, connection, or association with Reseller A and/or products offered by Reseller A.

44. ISE represented that Moen has a private-label manufacturing relationship with Reseller A for its garbage disposals, when it does not.

45. These false statements about Moen by ISE have damaged Moen.

46. ISE's conduct constitutes a violation of the Ohio Deceptive Trade Practices Act.

## PRAYER FOR RELIEF

Wherefore, Moen prays for the following relief:

A.   An Order declaring that:

(1)   Moen's horsepower claims in connection with its EX 75c and EX 100c garbage disposals are neither false nor misleading;

(2)   Moen's horsepower claims in connection with its EX 75c and EX 100c garbage disposals cannot support a legal claim for false advertising or any other related claim;

B.   A permanent injunction enjoining ISE, its officers, agents, distributors, and employees from interfering in any manner with Moen's advertising and labelling of its garbage disposals;

C.   A permanent injunction enjoining ISE, its officers, agents, distributors, and employees from making false statements about Moen;

D.   An Order awarding all available damages to Moen for ISE's slandering of Moen and violation of the Ohio Deceptive Trade Practices Act;

E.   An Order awarding to Moen its attorneys' fees and costs; and

F.   Such other and further relief to which Moen may be entitled.

Dated: January 17, 2025                         Respectfully submitted,


/s/ John S. Cipolla
John S. Cipolla (#0043614)
JCipolla@Calfee.com
Calfee, Halter & Griswold LLP
1405 East Sixth Street
Cleveland, OH 44114-1607
Phone: (216) 622-8808
Fax: (216) 241-0816

Thomas L. Holt
(to be admitted *pro hac vice*)
THolt@perkinscoie.com
Jeremy L. Buxbaum
(to be admitted *pro hac vice*)
JBuxbaum@perkinscoie.com
PERKINS COIE LLP
110 North Wacker Drive
Suite No. 3400
Chicago, Illinois 60606
Phone: (312) 324-8400
Fax: (312) 324-9400

*Attorneys for Plaintiff,
Moen Incorporated*