Kalpana Srinivasan (SBN 237460)
Michael Gervais (SBN 330731)
Anna C. Coll (SBN 337548)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
mgervais@susmangodfrey.com
acoll@susmasngodfrey.com

*Attorneys for Plaintiff and Counter-Defendant InSinkErator LLC*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| INSINKERATOR LLC, *a Delaware limited liability company*,<br><br>Plaintiff,<br><br>vs.<br><br>JONECA COMPANY, LLC, *a Delaware limited liability company, and* THE JONECA CORPORATION, *a California corporation*,<br><br>Defendants.<br><br>JONECA COMPANY, LLC, *a Delaware limited liability company*,<br><br>Counter-Claimant,<br><br>vs.<br><br>INSINKERATOR LLC, *a Delaware limited liability company*,<br><br>Counter-Defendant. | Case No.: 8-24-cv-02600-JVS-ADS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INSINKERATOR LLC'S UNOPPOSED MOTION TO MODIFY CASE SCHEDULE**<br><br>Judge: Honorable James V. Selna<br><br>Date: August 25, 2025<br>Time: 1:30 pm<br>Dept: Courtroom 10C<br><br>Action Filed: November 27, 2024 |

I.      **INTRODUCTION**

Plaintiff InSinkErator LLC respectfully requests the Court modify its Scheduling Order (Dkt. 106) and extend the close of fact and expert discovery by forty-five days, as outlined in table form below. InSinkErator's unopposed request will not impact the deadline for dispositive motions, the final pretrial conference, or the trial setting in this case. Given the current length of time between the fact and expert discovery cutoff and the deadline for motion practice, this should not cause any disruption to the Court's schedule. This is InSinkErator's first request to amend the schedule, and the motion is unopposed.

InSinkErator's Motion to Modify the Case Schedule ("Motion") should be granted as good cause exists for an amendment to the case schedule under Federal Rule of Civil Procedure 16(b). Fed. R. Civ. P. 16(b)(4). Throughout the pendency of this matter, the parties have worked diligently to respond to and propound discovery. However, additional discovery remains to be conducted over a relatively short period of time. The current schedule leaves over three months between the close of fact and expert discovery and the filing of dispositive motions. The parties could utilize part of that time to conduct necessary discovery while still having adequate time to prepare any necessary motions for the Court's deadline. Additionally, the Ninth Circuit has scheduled oral argument on August 22, 2025, on Joneca's appeal from this Court's preliminary injunction order. The Ninth Circuit argument will necessarily divert some of the parties' time and resources during the end of fact discovery under the current schedule. The modest discovery extension would relieve some of the scheduling demands caused by the appeal. Additionally, the parties seek to move the mediation deadline—currently set for the day of the Ninth Circuit argument—forward a few weeks so that mediation can be completed after the argument is complete. The parties already have agreed jointly on a mediator and a date for mediation.

The undersigned counsel are new to the case, and upon appearing, noticed the gaps in the schedule.[1] InSinkErator's new counsel met and conferred with Joneca's counsel to propose a revised schedule, and the parties were able to work out an agreed, modified timetable without impacting the Court's dispositive deadlines and trial dates. For these reasons, the Court should grant InSinkErator's unopposed motion to modify the case schedule in line with the schedule set out in InSinkErator's proposed amended schedule set out below.

## II.  DISCUSSION

To modify a case schedule, a party must show "good cause" under FRCP 16(b). *See* Fed. R. Civ. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). Good cause "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Paul Feller, et al. v. Robert Petty*, 2020 WL 2477679, at *3 (C.D. Cal. Feb. 11, 2020) (describing "prejudice to the nonmoving party, importance of the amendment, and availability of a continuance" as additional "secondary" considerations). "What constitutes good cause sufficient to justify the modification of a scheduling order necessarily varies with the circumstances of each case." 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.2 (3d ed. 2019).

InSinkErator satisfies the good cause standard needed to amend the current schedule under Rule 16(b); it has worked reasonably diligently to meet case deadlines

---

[1] InSinkErator acknowledges that some courts in this district have found that a change in counsel *alone* is not sufficient "good cause" for a schedule change under FRCP 16(b). *See, e.g., Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002); *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 674 (C.D. Cal. 2003). InSinkErator cites a change of counsel here for context but does not rely on it as the primary basis for a schedule change.

but will be unable to meet current deadlines. Fed. R. Civ. P. 16(b)(4); *Johnson*, 975 F.2d at 609. The parties have propounded multiple rounds of discovery since January 31, 2025; the parties have also negotiated initial search terms and custodians. Decl. of Anna C. Coll ¶¶ 3-4. The parties have also been meeting and conferring on the proper scope of requests and custodial issues; both parties are currently considering motion practice for their own discovery priorities. *Id.* ¶ 5. Production remains in its early stages, however. *Id.* ¶ 4. Because document production is not substantially complete, no depositions have taken place. *Id.* ¶ 4.

As discovery was progressing and after this Court set the current case schedule, Dkt. 106, on June 8, 2025, the Ninth Circuit set Joneca's appeal of the Court's preliminary injunction order for oral argument on August 22, 2025. *See InSinkErator, LLC v. Joneca Company, LLC et al.*, Case No. 25-00286, ECF No. 43 (June 8, 2025, 9th Cir.). The parties are devoting time and resources to prepare for argument while simultaneously moving forward on the district court action. Additional time would allow these activities to continue to proceed in parallel. Any feedback or guidance from the Ninth Circuit on the Preliminary Injunction order may likewise guide the scope of discovery in this case.

Amendment to the current schedule would not prejudice the parties given the ample room in the current case schedule to extend fact and expert discovery deadlines while leaving untouched the dispositive motion deadlines and trial date. *Johnson*, 975 F.2d at 609 (noting "prejudice to the nonmoving party . . . and availability of a continuance" as additional "secondary" considerations). Under the current schedule, the close of fact and expert discovery are set for September 8 and December 19, 2025, respectively. Dkt. 106. There is a three-month gap between the close of fact and expert discovery on December 19, 2025, and the deadline to file dispositive motions on March 20, 2026. *Id.* This extended period could be utilized by the parties to conduct necessary fact and expert discovery – including any follow up or motion practice that might be necessary. The parties have agreed that half of this time could

be reallocated to discovery. InSinkErator thus proposes that the Court modify the current case schedule to the below proposed dates. As reflected in the table below, the remaining case schedule is unaffected by this modest proposal.

| Event | Current Schedule (Dkt. 106) | Agreed Amended Date |
|---|---|---|
| Mediation Deadline | 8/22/2025 | 9/10/2025 |
| Discovery Cut-Off[2] | 9/8/2025 | 10/23/2025 |
| Initial Disclosure of Experts | 10/6/2025 | 11/20/2025 |
| Rebuttal Disclosure of Experts | 11/20/2025 | 1/5/2026 |
| Expert Discovery Cut-off | 12/19/2025 | 2/9/2026 |
| Last Day for Dispositive Motions to be Filed and Served | 3/20/2026 | No change. |
| Deadline for Opposition Briefs | 5/1/2026 | No change. |
| Deadline for Reply Briefs | 5/22/2026 | No change. |
| Law and Motion Cut-Off | 6/8/2026, at 1:30 p.m. | No change. |
| Deadline for Motions *In Limine* | 7/17/2026 | No change. |
| Deadline to File Pretrial Documents | 8/7/2026 | No change. |
| Final Pretrial Conference | 8/17/2026, at 11:00 a.m. | No change. |
| Jury Trial | 9/15/2026, at 8:30 a.m. | No change. |

Finally, InSinkErator moved promptly before the next applicable deadline—the close of fact discovery on September 8, 2026—to amend the schedule. *See Coats v. Chaudhri*, 2016 WL 1046233, at *3 (E.D. Cal. Mar. 16, 2016) (noting that movant

---

[2] The agreed amended date for close of fact discovery is also in line with the Court's Presumptive Schedule of Pretrial Dates ("Presumptive Schedule"). Dkt. 105. For close of fact discovery, the Court's Presumptive Schedule states that non-expert discovery should close fifteen weeks before trial. Given the current trial date, the presumptive close of fact discovery would fall on June 2, 2026. As such, the agreed date of October 23, 2025, falls over six months before the Court's Presumptive Schedule.

asking over a month in advance of the deadline sought to be amended weighed in favor of motion to modify). And allowing amendment to the schedule now would not "not significantly disrupt the progression of this case," as the dispositive briefing schedule and hearing date would remain as set and the current trial date would still be practicable under the Court's Presumptive Schedule. *See Rang Dong Jt. Stock Co. v. J.F. Hillebrand USA, Inc.*, 2020 WL 3841185, at *4 (E.D. Cal. July 8, 2020).

### III. CONCLUSION

For these reasons, the Court should grant InSinkErator's Unopposed Motion and instate the schedule set out above.

Dated: July 22, 2025

**SUSMAN GODFREY L.L.P.**

By: */s/ Kalpana Srinivasan*

Kalpana Srinivasan (SBN 237460)
Michael Gervais (SBN 330731)
Anna C. Coll (SBN 337548)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
mgervais@susmangodfrey.com
acoll@susmangodfrey.com

Joseph Grinstein (*Pro Hac Vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jgrinstein @susmangodfrey.com

*Attorneys for Plaintiff and Counter-Defendant InSinkErator, LLC*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff InSinkErator LLC, certifies that this brief contains 1,395 words, which complies with the 7,000-word limit of L.R. 11-6.1.

Dated: July 22, 2025

*/s/ Kalpana Srinivasan*
Kalpana Srinivasan