Kalpana Srinivasan (SBN 237460)
Michael Gervais (SBN 330731)
Anna C. Coll (SBN 337548)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Tel: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com
mgervais@susmangodfrey.com
acoll@susmangodfrey.com

Joseph Grinstein (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana St., Suite 5100
Houston, TX 77002-5096
Tel: (713) 651-9366
Fax: (713) 654-6666
jgrinstein@susmangodfrey.com

*Attorneys for Plaintiff and Counter-Defendant InSinkErator LLC*

[See additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| INSINKERATOR LLC, A Delaware limited liability company,<br><br>    *Plaintiff,*<br><br>vs.<br><br>JONECA COMPANY, LLC, a Delaware limited liability company, and THE JONECA CORPORATION, a California corporation,<br><br>    *Defendants.* | Case No.: 8:24-cv-02600-JVS-ADS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO INCREASE PRELIMINARY INJUNCTION BOND**<br><br>REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL<br><br>Judge:  Honorable James V. Selna<br><br>Date:  October 20, 2025<br>Time:  1:30 PM<br>Dept:  Courtroom 10C<br><br>Action Filed:  November 27, 2024 |
| JONECA COMPANY, LLC, a Delaware limited liability company,<br><br>    *Counter-Claimant,*<br><br>vs.<br><br>INSINKERATOR LLC, a Delaware limited liability company,<br><br>    *Counter-Defendant.* | |

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 3

II. LEGAL STANDARD ...................................................................................... 4

III. ARGUMENT .................................................................................................... 5

    A. Joneca fails to show a significant change in facts or law. ..................... 5

    B. Increasing the bond would frustrate the purpose of the bond requirement and prejudice ISE. ............................................................. 8

    C. Joneca's costs are unsupported. ............................................................ 9

        1. Joneca's costs are unreasonable. ............................................... 10

        2. Joneca's noncompliance undermines the reasonableness of its purported costs. ............................................................... 12

    D. Joneca's motion is untimely. .............................................................. 12

IV. CONCLUSION ............................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AK Futures LLC v. LCF Labs Inc.*,
  No. 8:21-cv-02121-JVS-ADS, 2023 WL 2558534 (C.D. Cal. Jan. 3, 2023)
  (Selna, J.) ............................................................................................................. *passim*

*Brookfield Communs., Inc. v. W. Coast Entm't Corp.*,
  174 F.3d 1036 (9th Cir. 1999) .................................................................................. 5

*Bruno v. Eckhart*,
  280 F.R.D. 540 (C.D. Cal. 2012) ............................................................................. 9

*GoTo.com, Inc. v. Walt Disney Co.*,
  202 F.3d 1199 (9th Cir. 2000) ........................................................................... 8, 13

*Klein-Becker USA, LLC v. Englert*,
  2008 WL 925849 (D. Utah Mar. 27, 2008) ............................................................ 13

*Lewis Galoob Toys v. Nintendo of Am., Inc.*,
  1991 WL 1164068 (N.D. Cal. Mar. 27, 1991) ......................................................... 6

*Sharp v. Weston*,
  233 F.3d 1166 (9th Cir. 2000) ............................................................................. 4, 5

*Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*,
  No. 11-cv-01539-MMM-JEM, 2013 WL 12244286 (C.D. Cal. Feb. 19, 2013) ....... 6

*Sprint Communications Co. v. Cat Communications Int'l*,
  335 F.3d 235 (3d Cir.2003) ................................................................................... 10

*Van de Kamp v. Tahoe Reg'l Planning Agency*,
  766 F.2d 1319 (9th Cir. 1985) .................................................................................. 8

*Walczak v. EPL Prolong, Inc.*,
  198 F.3d 725 (9th Cir. 1999) ........................................................................... 5, 6, 8

**Rules**

Fed. R. Civ. P. 65(c) ................................................................................................ 4, 5, 8

Local Rule 7–18 ........................................................................................................ 9, 14

I.  **INTRODUCTION**

On January 10, 2025, this Court granted Plaintiff InSinkErator LLC's ("ISE") motion for preliminary injunction. Dkt. 71 ("PI Order"). The Court found that ISE demonstrated a likelihood of success on its false advertising claim against Joneca Company, LLC ("Joneca"). *Id.* at 12. The Court found that the "consensus among engineers, retailers, and consumers is that output, and not input horsepower, is what must be measured. Thus, Joneca appears to be making a false statement where it purports to offer a true horsepower that it cannot deliver." *Id.* The Court ordered that Joneca be enjoined from making false or deceptive horsepower claims (and from assisting, permitting, or causing third parties to do the same), and directed that Joneca be required to display a disclaimer about its horsepower on product packages, in-store signage, and websites. *Id.* at 17–19.

The Court's PI Order also required ISE to post a $500,000 bond pursuant to Federal Rule 65(c). The Court rendered that decision after considering Joneca's Supplemental Brief Re: Scope of Any Preliminary Injunction and Bond, where Joneca asked for ▓▓▓▓ if the Court did not require disclaimers on product packages, and ▓▓▓▓ if it required a universal disclaimer sticker. *See* Dkt. 65-1. The parties discussed the bond at the preliminary injunction hearing. Dkt. 72 at 6:5–77, 24:15–19. The Court ultimately rejected Joneca's proposal, and ordered a bond amount that was reasonable.

Eight months later, Joneca now asks the Court to reconsider that decision and increase the bond amount by nearly three times what the Court originally set. Its motion should be denied. First, Joneca does not even attempt to cite the standard that applies on a motion to increase a bond, which requires Joneca to show a "significant change in facts or law" to warrant modification of the bond. *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000). There have been no changes in law or facts since the Court rejected Joneca's ▓▓▓▓ bond request, let alone a "significant" change. Second, increasing the bond eight months later would frustrate the two-fold purpose of the bond requirement, which both sets the amount of damages for a wrongfully

enjoined parties *and* puts the movant on notice of the extent of their liability. Retroactively requiring ISE to post a bond three times the original amount eight months after its issuance would be unfair to ISE. Third, Joneca's costs are overstated and unsupported. Finally, Joneca waived its ability to challenge the bond by not raising the issue on appeal and by failing to file its motion for reconsideration within the time required by the local rules.

As a separate matter, Joneca's motion is untenable considering its failure to comply with the Court's order. As detailed in ISE's Motion to Enforce the Court's Preliminary Injunction, ISE has uncovered widespread noncompliance by Joneca. Dkt. 139. Product packages throughout the country still lack the disclaimer sticker. In-store signs lack the disclaimer altogether. Online listings on retail websites bury the disclaimer in fine print where consumers are unlikely to see. Consumers are being misled by Joneca's false horsepower claims, and Joneca's noncompliance is doing nothing to stop that. Joneca can hardly be heard to ask for more money to cover compliance, when its compliance was lacking in the first place.

## II.     LEGAL STANDARD

Federal Rule 65(c) provides that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Federal Rule of Civil Procedure 65(c) grants district courts wide discretion in setting the amount of a security bond." *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 733 (9th Cir. 1999).

"A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000). The Ninth Circuit disfavors requests to dramatically raise bond amounts. *Brookfield Communs., Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1044 (9th Cir. 1999)

(rejecting request to increase bond from $25,000 to $400,000); *Walczak*, 198 F.3d at 733–34 (rejecting request to increase bond from $100,000 to $2 million).

### III. ARGUMENT

Joneca's motion asks this Court to reconsider its PI Order that set the bond at $500,000 and instead increase it by nearly three-fold. This Court exercised its discretion to set a bond that was reasonable, particularly given Joneca's likelihood of success on its false advertising claim. Joneca identifies no significant change in facts or law to warrant such a dramatic departure from that ruling, as the Court heard these same complaints before issuing the PI Order. Increasing the bond would only prejudice ISE, who was put on notice of the maximum extent of its liability when it set the bond. Its costs are, at best, substantially overstated. Its motion should be denied.

#### A. **Joneca fails to show a significant change in facts or law.**

Joneca's motion cites two pages of case law yet applies the wrong standard on a motion to increase a bond. It claims that "[t]o warrant an increase in the bond amount, an enjoined party must 'only show that damage is certain; not that the amount of damage is certain' since the 'injunction bond merely puts a ceiling on damages.'" Dkt. 147 ("Mot.") at 8 (quoting *Lewis Galoob Toys v. Nintendo of Am., Inc.*, 1991 WL 1164068, at *1–2 (N.D. Cal. Mar. 27, 1991)). As a preliminary matter, the motion misquotes the passage from *Lewis Galoob Toys*, which does not include the word "only." 1991 WL 1164068, at *1–2. Regardless, that is not the correct statement of Joneca's burden. Rather, as this Court has stated, "[a] party seeking to modify a bond amount bears the burden of establishing a 'significant change in facts or law.'" *AK Futures LLC v. LCF Labs Inc.*, No. 8:21-cv-02121-JVS-ADS, 2023 WL 2558534, at *2 (C.D. Cal. Jan. 3, 2023) (Selna, J.) (citing *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000)); *see also Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, No. 11-cv-01539-MMM-JEM, 2013 WL 12244286, at *2 (C.D. Cal. Feb. 19, 2013) ("The court will deny a request for modification of the security bond requirement if the party seeking modification fails to identify a relevant change in law or

circumstance."). Joneca must therefore show that since the Court's preliminary injunction, there has been a "significant change in facts or law." It cannot do so.

Joneca fails to articulate *any* change in facts or law, let alone a *significant* change. Simply because Joneca has spent more to comply with the PI Order than the bond amount set by the Court is not a change in facts (or law). All the facts that Joneca identifies in its motion were already presented to the Court before the PI Order. On January 6, 2025, Joneca filed its Supplemental Brief Re: Scope of Any Preliminary Injunction and Bond. *See* Dkt. 65-1. Joneca does not mention this supplemental brief once in its motion to enforce. In its supplemental brief, Joneca submitted two proposals for what the Court should set the bond at depending on the injunction that the Court orders. Joneca proposed a _____ bond for option 1, and a _____ bond for option 2, along with a detailed description of those costs and a declaration from Jonathan Chavez in support. *Id.* at 1, 8–9. Those descriptions included a breakdown of labor required for online marketing changes, printing and shipping costs for in-store signage, labor costs for design of the signage, design costs for new labels, and third-party vendor expenses in relabeling products. *Id.* Joneca offered option two (for a total of _____ in the event the Court required a disclaimer, and its projected costs were double what Joneca now claims it has now incurred in complying with the PI Order.

A comparison of the proposed costs in the supplemental brief and the allegedly incurred costs in the motion to enforce reveals there has been no significant change in facts since the Court issued the bond. The supplemental brief estimated that a total of _____ units would need relabeling with _____ of those units being in retail locations, and the rest spread across distribution centers or in transit. Dkt. 65-1 at 5–6. By contrast, Joneca's motion asserts that it stickered "_____" of units, which included "_____" in-store units. Mot. at 3–4. Those figures offered in its motion, despite being less precise than its estimated costs, are similar to the estimates Joneca gave back in January. In fact, several expenses appear to have been much cheaper than Joneca's estimates. While Joneca claimed in January that

online marketing changes would cause it to incur _____ in labor, its motion claims to have incurred only _____ If anything, the only "significant change" is that costs in complying with the injunction have gone down, not up; that is hardly a basis on which to increase the bond amount.

The Court had the benefit of Joneca's supplemental brief before issuing the preliminary injunction. At the hearing, Joneca complained that the $500,000 bond is insufficient, to which the Court responded by acknowledging that it read Joneca's supplemental brief. Dkt. 72 at 24:15–19. The Court considered Joneca's proposal and decided to order a bond that reflected the appropriate amount that would not only compensate them if the injunction were later reversed, but also put ISE on notice of the extent of its liability. Its motion offers no new facts (or law) that were unforeseen at the time the Court issued its PI Order.

Even if Joneca argues that the "significant change" are the substantial costs it actually incurred in trying to comply with the PI, its motion should be denied. The Court's PI Order set a bond amount that was sufficient under Rule 65(c). This Court had "wide discretion" to set the bound amount. *Walczak*, 198 F.3d at 733; *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1211 (9th Cir. 2000). In fact, the Court was not required to issue a bond at all. PI Order at 17 (citing *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009)). One of the circumstances where no bond is required is when the plaintiff establishes a strong likelihood of success on the merits. *Van de Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985) ("[T]he likelihood of success on the merits, as found by the district court, tips in favor of a minimal bond or no bond at all."). Here, the Court's well-reasoned PI Order ruled that ISE established a likelihood of success on the merits on its false advertising claim. PI Order at 12 ("InSinkErator has shown a likelihood to satisfy all of the elements of its false advertising claim."). The Court therefore was well within its discretion to impose a "minimal bond or no bond at all." Joneca's motion should be denied because even if it has incurred more than $500,000 in complying with the PI

Order, an increase is unwarranted because ISE is likely to succeed on its false advertising claim.

At its core, Joneca's motion is a motion for reconsideration because it asks the Court to reconsider its PI Order setting the bond amount at $500,000. "Local Rule 7–18 allows a motion for reconsideration to be brought on only the following grounds: (1) facts or law that could not have been known to the movant at the time of the decision given the exercise of reasonable diligence; (2) new material facts or a change of law; or (3) a manifest showing of a failure to consider material facts presented." *Bruno v. Eckhart*, 280 F.R.D. 540, 544 (C.D. Cal. 2012) (citing L.R. 7–18) (quotations omitted). Joneca cannot show any of these points—all facts concerning the costs of compliance were known to Joneca and the Court; there are no new material facts or a change in the law (apart from the new "fact" that Joneca's compliance costs were less than it previously anticipated); and Joneca fails to show that the Court did not consider material facts. Joneca offers no good reason for the Court to reconsider its prior ruling, and its motion should be denied.

### B. Increasing the bond would frustrate the purpose of the bond requirement and prejudice ISE.

Joneca's motion ignores the dual purpose of the bond requirement. Although it is true that the bond requirement is intended to help compensate a wrongfully enjoined party, it also serves the critical purpose of providing notice to the movant of their liability. As this Court has recognized in denying a similar motion to increase a bond, one of the two purposes of the bond requirement is also to "provide[] the plaintiff with notice of the maximum extent of its potential liability, since the amount of the bond 'is the limit of the damages the defendant can obtain for a wrongful injunction, provided the plaintiff was acting in good faith.'" *AK Futures LLC v. LCF Labs Inc.*, No. 8:21-cv-02121-JVS-ADS, 2023 WL 2558534, at *2 (C.D. Cal. Jan. 3, 2023) (Selna, J.) (quoting *Signal Hill Serv. v. Macquarie Bank Ltd.*, No. CV 11-01539, 2013 WL 2013 WL 12244286, at *5 (C.D. Cal. Feb. 19, 2013)).

Requiring ISE to retroactively post a bond that is nearly three times the original amount would be unfairly prejudicial to ISE. The Court's initial bound amount put ISE on notice that it was subject to a $500,000 in liability if the injunction was later dissolved. ISE accepted the injunction believing that would be the maximum extent of its liability. A bond increase months after the Court ordered the injunction would defeat the purpose of the notice requirement and subject ISE to unexpected liability. Courts generally disfavor retroactive increases in a bond amount for those reasons. *See Sprint Communications Co. v. Cat Communications Int'l*, 335 F.3d 235, 241 (3d Cir.2003) ("A retroactive increase in the amount of an injunction bond on dissolution or reversal is generally improper. . . If a retroactive increase is permissible, the injunction bond is no longer cabined;  the bond no longer fixes exposure nor caps liability. A retroactive increase subjects the successful applicant to an unexpected and unanticipated liability."). ISE's potential liability should be capped at the Court's original bond amount.

Increasing the bond would also punish ISE and reward Joneca for its deficient efforts to comply with the injunction. As ISE detailed in its motion to enforce the injunction, Joneca has failed to comply with the PI Order. Dkt. 139. Retail stores across the country still lack the required disclaimer on product packages and in-store signage. *Id.* at 4–5. Online listings for Joneca disposals fail to display the disclaimer in search results, and the product pages that list the disclaimer bury it in fine print, making it nearly impossible for the consumer to find. *Id.* at 5–8. As explained below, it is unclear how Joneca incurred these costs when its compliance efforts have been wholly insufficient. It should not be rewarded for its noncompliance at ISE's expense. ISE is the injured party from Joneca's false advertising, and it should not be punished by paying a higher bond because of Joneca's deficient compliance efforts.

      C.     **Joneca's costs are unsupported.**

Joneca claims to have incurred _____ in trying to comply with the Court's PI Order. The only support for its costs is a declaration from Jonathan Chavez, Joneca's Director of Operations. His declaration only provides a general description

9

of broad categories of costs and does not support those statements with supporting documentation like expense reports or invoices from third parties. He does not even provide a precise amount of the number of units that required the disclaimer sticker. *See* Dkt. 145-1 at 8, 9 (describing " of units" and " of Product units."). Without a more detailed description of the costs that Joneca has incurred, ISE can only speculate about whether Joneca's costs are legitimate. As this Court has recognized, a defendant has to meet its burden to show that the increase in the bond amount is a "reasonable estimate" of the damages from a wrongful injunction. *AK Futures LLC*, 2023 WL 2558534, at *4. Joneca has not met that burden.

        1.    <u>Joneca's costs are unreasonable.</u>

A review of the categories of costs that Joneca claims to have incurred reveals that its costs are anything but reasonable. For example, Joneca claims to have spent hours in labor costs to comply with the injunction. Mot. at 3. It offers no support for that statement or a breakdown of how it spent those hours. It is unclear if those hours include the third-party contractor it hired to complete the stickering. The only breakdown of hours that appears in the motion or declaration are the labor hours to put the disclaimers on its own website and to coordinate with a dozen third parties about their websites. That number alone is excessive. Additionally, Joneca does not provide any report from the third-party contractor who conducted the stickering for Joneca to substantiate the cost of . Even if that is the correct number that Joneca was billed, Joneca leaves the Court with no way of knowing whether that amount is reasonable. Finally, Joneca notes that some of its retail customers "preferred to handle the stickering process in-house or through the use of their own vendor" and Joneca "provided detailed instructions and materials to facilitate stickering." Mot. at 4. Joneca claims to have incurred from these coordination efforts with third parties, even though Joneca (nor its contractor) is not the one performing the stickering—the customer is. *Id.* at 5; Dkt. 145-2 at 4. Not only

is that cost excessive, but Joneca provides no meaningful breakdown of what that figure consists of.

This Court denied a similar motion to increase a bond in *AK Futures LLC v. LCF Labs Inc.* In that case, the plaintiff obtained a seizure order from this Court against the defendants for infringing on its intellectual property rights. 2023 WL 2558534 at *1. This Court originally set the bond at $100,000, which the plaintiff estimated was the value of the seized goods. *Id.* The Court asked the parties for a more detailed breakdown of the value of the goods, and one month after the seizure order the plaintiff submitted an updated value of the seized goods to be more than $51 million. *Id.* Nine months later, the defendants moved to increase the bond based on that estimate submitted by the plaintiff. *Id.* This Court found that the defendants did not meet their burden of proof by relying on a spreadsheet from plaintiff's sales and product packaging specialist who inventoried the items seized, coupled with a valuation by the plaintiff's CEO with input from one of the defendant's CEO. *Id.* at *3. The Court criticized the defendant's "conflicting stance" on the value of its goods and found the "accuracy" of the estimate to be "questionable." *Id.* at *3–4. The Court also criticized the defendant for "offer[ing] no explanation why they seek this request now—nine months later—and why they seek a different amount that appears to conflict with their previous request." *Id.* at *3.

This case is like *AK Futures*. Just as the defendant failed to meet its burden to show that the estimates were reasonable, so too has Joneca failed to show why or how it has incurred its alleged costs. Joneca has provided even less than the defendant in *AK Futures*, as the estimate in that case included a detailed breakdown on the retail value of each unit. And like the defendant who took a "conflicting stance" on the value of its damages, Joneca has taken a conflicting stance on the costs of complying with the injunction, as its unit counts and proposed costs differ substantially from its estimates in January. Finally, just as the defendant waited nine months before seeking an increase in the bond, so too has Joneca delayed eight months in requesting a bond increase. Joneca is likely to argue that the request for a bond increase in that case was

much more than the request it makes here. Not so. The failure to substantiate its costs, conflicting positions it has taken on the costs, and the substantial delay in requesting an increase means *AK Futures* is on point.

### 2. Joneca's noncompliance undermines the reasonableness of its purported costs.

Joneca's lack of compliance with the injunction also undermines any claim that its costs are a reasonable estimate of damages that it incurred. As ISE explained in its motion to enforce the injunction, Dkt. 139, Joneca has failed to comply with the Court's order. ISE encountered numerous examples of product packages lacking disclaimers in retail stores throughout the country. *Id.* at 4. Joneca also failed to ensure that retail websites selling its disposals have the appropriate disclaimer, as websites like Home Depot bury the disclaimer in text below the product in a way that makes it incredibly difficult for the consumer to see. *Id.* at 5–7. It is unclear how Joneca spent ___ hours on website labor when the websites plainly do not comply with the Court's order.

### D. Joneca's motion is untimely.

Finally, Joneca's motion should also be denied because it is untimely. The Court issued the PI Order on January 10, 2025, and Joneca appealed the order to the Ninth Circuit on January 15, 2025. PI Order; Dkt. 77. Joneca could have appealed the issue of the amount of the bond—it did not do so. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1211 (9th Cir. 2000) (finding that the district court did not abuse its discretion in determining the amount of an injunction bond). If Joneca wanted to challenge the amount of the bond, then it was required to raise that issue on appeal. *Klein-Becker USA, LLC v. Englert*, 2008 WL 925849, at *1 (D. Utah Mar. 27, 2008) ("[T]he correct procedure to challenge the amount of the bond set as a security for a preliminary injunction is by an appeal. Englert did not timely appeal the decision setting the amount of the bond.") (citing *Scanvec Amiable Ltd. v. Chang*, 80 Fed.Appx. 171, 176 (3rd Cir. 2003) (declining to consider a retroactive bond increase where enjoined party failed to challenge the security determination at the time the injunction issued or by timely interlocutory appeal of injunction)). This is

not a matter of Joneca learning new facts post-appeal about how much it would cost to comply with the injunction; at the time Joneca made its appellate decisions, it was of the opinion that compliance would be even more costly than it claims now. Joneca therefore waived the right to challenge the amount of bond by not appealing it to the Ninth Circuit. Its motion should be denied on this basis alone.

Relatedly, Joneca's motion is untimely under the Central District of California's local rules. Local Rule 7-18 provides that "[a]bsent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." L.R. 7-18. Joneca's motion to increase the bond is, at its core, a motion for reconsideration of the Court's PI Order that set the bond amount. The Court issued its PI Order on January 10, 2025, which included setting the bond at $500,000. PI Order at 17. Joneca had until January 24, 2025, to file the present motion. It instead waited eight months before asking the Court to reconsider the setting of the bond. Joneca has not shown good cause for this substantial delay. Its motion should be denied as a clear violation of the local rules.

## IV.   CONCLUSION

The Court should not reconsider its prior ruling. Joneca fails to articulate any significant change that would justify an increase in the bond. It has not met its burden and has not provided the Court with support for its overstated costs. If Joneca wanted to challenge the bond amount, it should have done so on appeal or within the time for motions for reconsideration as required by the local rules. ISE continues to be injured because of Joneca's noncompliance with the PI Order, and requiring ISE to post a bond nearly three times the original amount would be prejudicial. For the foregoing reasons, Joneca's motion should be denied.

Dated: September 29, 2025                               SUSMAN GODFREY L.L.P.

By: /s/   *William Melsheimer*
Kalpana Srinivasan (SBN 237460)
Michael Gervais (SBN 330731)

Anna C. Coll (SBN 337548)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com
mgervais@susmangodfrey.com
acoll@susmangodfrey.com

Joseph Grinstein (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
jgrinstein@susmangodfrey.com

William J. Melsheimer (*pro hac vice*)
Stuart E. Pollack (*pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 1001
Tel: (212) 336-8330
Fax: (212) 336-8340
jmelsheimer@susmangodfrey.com
spollack@susmangodfrey.com

*Attorneys for Plaintiff and Counter-Defendant InSinkErator LLC*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for InSinkErator LLC certifies that this brief contains 4,088 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 29, 2025

/s/ *William Melsheimer*
William J. Melsheimer

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been served on all current counsel of record on September 29, 2025 via email transmittal.

TRENTON H. NORRIS (Bar No. 164781)
HOGAN LOVELLS US LLP
4 Embarcadero Center, Suite 3500
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499
trent.norris@hoganlovells.com

MICHAEL L. TURRILL (Bar No. 185263)
JOSEPH R. O'CONNOR (Bar No. 274421)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone:(310) 785-4600
Facsimile: (310) 785-4601
michael.turrill@hoganlovells.com
joe.oconnor@hoganlovells.com

REBECCA C. MANDEL (pro hac vice)
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
rebecca.mandel@hoganlovells.com

Attorneys for Defendants and Counter-Claimant
JONECA COMPANY, LLC and
THE JONECA CORPORATION

*/s/ William Melsheimer*
William J. Melsheimer