**HOGAN LOVELLS US LLP**
TRENTON H. NORRIS (Bar No. 164781)
4 Embarcadero Center, Suite 3500
San Francisco, California 94111
Telephone: (415) 374-2300
Facsimile: (415) 374-2499
trent.norris@hoganlovells.com

MICHAEL L. TURRILL (Bar No. 185263)
JOSEPH R. O'CONNOR (Bar No. 274421)
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone:(310) 785-4600
Facsimile:(310) 785-4601
michael.turrill@hoganlovells.com
joe.oconnor@hoganlovells.com

REBECCA C. MANDEL (*pro hac vice*)
555 Thirteenth Street, NW
Washington, D.C. 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
rebecca.mandel@hoganlovells.com

*Attorneys for Defendants and Counter-Claimant*
JONECA COMPANY, LLC and
THE JONECA CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INSINKERATOR LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>JONECA COMPANY LLC, a Delaware limited liability company, and THE JONECA CORPORATION, a California corporation,<br><br>Defendants.<br><br>JONECA COMPANY LLC, a Delaware limited liability company,<br><br>Counter-Claimant,<br><br>vs.<br><br>INSINKERATOR LLC, a Delaware limited liability company,<br><br>Counter-Defendant. | Case No.: 8:24-cv-02600-JVS-ADS<br><br>Action Filed: November 27, 2024<br><br>**DEFENDANTS JONECA COMPANY, LLC AND THE JONECA CORPORATION'S NOTICE OF UNOPPOSED *EX PARTE* APPLICATION AND UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE TO FILE SURREPLY IN RESPONSE TO ISE'S REPLY IN SUPPORT OF MOTION TO ENFORCE PRELIMINARY INJUNCTION**<br><br>Judge: Honorable James V. Selna<br><br>Date: October 20, 2025<br>Time: 1:30 p.m.<br>Place: Courtroom 10C |

## NOTICE OF UNOPPOSED *EX PARTE* APPLICATION
## TO PLAINTIFF AND ITS ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT pursuant to Local Rule 7-19, and this Court's Standing Order, Defendants Joneca Company, LLC and The Joneca Corporation (together, "Joneca") hereby respectfully file this unopposed *ex parte* application ("*Ex Parte* Application") for an order granting Joneca leave to file the attached Surreply and supporting declaration and exhibits to address the new evidence and inaccurate assertions raised for the first time by Plaintiff InSinkErator LLC ("ISE") in its Reply In Support of Motion to Enforce Preliminary Injunction ("Reply").

Good cause exists to grant this *Ex Parte* Application. *First*, ISE improperly submitted significant new evidence with its Reply—comprising five declarations and 17 exhibits (several with multiple components) regarding packaging, price placards, and online websites. ISE offers no reason why it could not have submitted this evidence with its original Motion. If the Court considers any of this new evidence, Joneca must have the opportunity to respond. *Second*, ISE also raised new arguments that make factually incorrect assertions. Specifically, ISE claims that Joneca "made up" claims about third-party policies. ISE's accusation is patently untrue. In the interests of fairness, completeness, and judicial efficiency, Joneca should be permitted to correct ISE's false record. *Finally*, *ex parte* relief is necessary and appropriate because there is insufficient time to file a regularly noticed motion for leave to file a surreply before the hearing on ISE's Motion to Enforce Preliminary Injunction ("Motion") on October 20, 2025, and because ISE, not Joneca, created the need for *ex parte* relief by submitting new evidence and lodging false accusations against Joneca in its Reply.

On October 10, 2025, Joneca's counsel informed ISE's counsel by e-mail of its intent to seek leave to file this Surreply and asked for a phone call to discuss whether ISE would consent. *See* Declaration of Rebecca C. Mandel ("Mandel Decl.") ¶ 4. On October 13, 2025, Joneca's counsel met with ISE's counsel by phone,

- 1 -

explained the basis for this *Ex Parte* Application, and inquired as to ISE's position. *Id.* ISE's counsel responded by e-mail later that day that ISE would not oppose the *Ex Parte* Application "assuming that it is limited to responding to new evidence raised in the reply." *Id.*

The name, address, and telephone number of counsel for ISE are as follows:

| | |
|---|---|
| Kalpana Srinivasan, Esq.<br>Michael Gervais, Esq.<br>Anna C. Coll, Esq.<br>**SUSMAN GODFREY L.L.P.**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067-6029<br>Tel: (310) 789-3100<br>Fax: (310) 789-3150<br>ksrinivasan@susmangodfrey.com<br>mgervais@susmangodfrey.com<br>acoll@susmangodfrey.com | Joseph Grinstein, Esq.<br>**SUSMAN GODFREY L.L.P.**<br>1000 Louisiana St., Suite 5100<br>Houston, TX 7702-5096<br>Tel: (713) 651-9366<br>Fax: (713) 654-6666<br>jgrinstein@susmangodfrey.com<br><br>Stuart Pollack<br>William Jeffrey Melsheimer<br>**SUSMAN GODFREY L.L.P.**<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Tel: (212) 336-8330<br>Fax: (212) 336-8340<br>spollack@susmangodfrey.com<br>jmelsheimer@susmangodfrey.com |

This Application is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Rebecca C. Mandel, all records and pleadings on file with the Court in this action, all matters of which the Court may take judicial notice, and all further evidence and argument that may be presented.

Dated:   October 13, 2025

HOGAN LOVELLS US LLP

By: */s/ Trenton H. Norris*
Trenton H. Norris

*Attorneys for Defendants and Counter-Claimant*
JONECA COMPANY, LLC and THE JONECA CORPORATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In its Reply In Support of Motion to Enforce Preliminary Injunction ("Reply"), ECF No. 161, Plaintiff InSinkErator LLC ("ISE") introduces significant volumes of new evidence and makes new (and factually incorrect) arguments to support its Motion to Enforce Preliminary Injunction ("Motion"), ECF Nos. 138, 139. Specifically, ISE introduced five declarations and 17 exhibits with an array of photographs from store visits conducted since Joneca filed its Opposition to ISE's Motion to Enforce, ECF No. 150 ("Opposition"), and screenshots of numerous third-party websites not previously submitted. It also raises for the first time new and inaccurate arguments that Joneca "made [] up" policies concerning certain third-party website restrictions. Reply at 14.

"It is well accepted that [the] raising of new issues and submission of new facts in [a] reply brief is improper." *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999). Good cause exits for Joneca to file the attached Surreply to ISE's Reply In Support of Motion to Enforce ("Surreply") as it will give Joneca an opportunity to respond to ISE's new evidence and correct material falsehoods in ISE's Reply. *See, e.g.*, *Great Am. Ins. Co. v. Berl*, 2017 WL 8180627, at *1 (C.D. Cal. Oct. 23, 2017) ("[C]ourts should allow a sur-reply only when a valid reason for additional briefing exists, such as when the reply brief raises 'new' arguments that require some additional response, or the sur-reply appears to clarify 'many' of the movant's positions."). The Court should therefore permit Joneca to file the attached Surreply.

## II. LEGAL STANDARD

To justify *ex parte* relief, the moving party must establish: (1) that their case will be "irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures" and (2) that they are "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of

excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Courts may exercise their discretion to allow the filing of a surreply where a "valid reason" for such additional briefing exits. *Geringer v. Strong*, 2016 WL 2732134, at *1 n.1 (C.D. Cal. May 9, 2016) (quoting *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005)). Courts, including this one, have recognized that a party's submission of new evidence or argument in its reply brief is a valid reason for permitting surreply. *See, e.g.*, *SEC v. Heart Tronics, Inc.*, 2015 WL 13375687, at *2 (C.D. Cal. Aug. 3, 2015) (Selna, J.) (granting *ex parte* leave to file surreply where plaintiff "introduce[d] new facts and arguments" in reply brief); *Watts v. Aly*, 2020 WL 1224281, at *2 (C.D. Cal. Jan. 29, 2020) (granting request to file sur-reply and reasoning, "[i]f a party raises a new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond.") (quoting *Benga v. First USA*, 29 F. Supp. 1270, 1276 (N.D. Cal. 2014)); *Predestined Ent., LLC v. Webber Films*, 2022 WL 17224674, at *5 (C.D. Cal. Oct. 13, 2022) (granting *ex parte* relief where the non-moving party submitted new evidence and raised new arguments in its reply brief).

Courts have also allowed surreplies to consider "evidence or arguments that give a more complete picture of the issues in need of resolution." *Tounget v. Valley-Wide Recreation & Park Dist.*, 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020); *see also Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 393227, at *2 (N.D. Cal. Feb. 2, 2016) (granting leave to file surreply because it "helped to crystalize the disputed issues"); *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 7206620, at *1 n.2 (N.D. Cal. Dec. 18, 2014) (granting leave to file surreply "in the interests of completeness and judicial efficiency"). So too may courts exercise their discretion to grant leave to file a sur-reply to correct factual misstatements in the opposing party's brief. *See, e.g.*, *Prather v. AT&T Inc.*, 996 F Supp. 2d 861, 865 n.2 (N.D.

Cal. 2013) (granting motion for leave to file sur-reply to correct counsel's factual mischaracterizations).

### III.   ARGUMENT

Joneca should be permitted to file the attached Surreply for at least the following reasons:

*First*, ISE submitted a trove of new evidence with its Reply brief. Specifically, ISE submitted 17 new exhibits (several with multiple components) and five declarations. ISE's new evidence includes numerous photos of packages and placards from investigators' visits to at least 18 retail stores after Joneca filed its Opposition – none of which are the same stores ISE offered evidence from in its original Motion. *See* Exs. A-H to Declaration of Adeline C. Schmidt ("Schmidt Decl."), ECF Nos. 161-2-161-9; Ex. A to Declaration of William J. Melsheimer ("Melsheimer Decl."), ECF No. 161-11; Ex. A to Declaration of Rodney Polanco ("Polanco Decl."), ECF No. 161-16; Exs. A-C of Declaration of Joanna Stanley ("Stanley Decl."), ECF Nos. 161-18-161-20; Ex. A to Declaration of Joseph Grinstein ("Grinstein Decl."), ECF No. 161-22. ISE also submitted several new screenshots of third-party websites, putatively for the purposes of showing noncompliance by Joneca and to support its belief that such websites can present the disclaimer where ISE wishes it to go. *See* Exs. B-D to Melsheimer Decl., ECF Nos. 161-12-161-14.

The declarations indisputably constitute new evidence. ISE offers no reason why it could not have submitted this evidence in its original Motion (or at any point during the meet and confer process). *See generally* Reply. Indeed, ISE filed its Motion almost five months after it first complained to Joneca about these alleged compliance issues. *See* Ex. B to Declaration of William J. Melsheimer In Support of ISE's Motion to Enforce Preliminary Injunction, ECF No. 139-30. ISE had time to visit as many stores and websites as it liked during that period. Moreover, ISE's new evidence does not respond to Joneca's Opposition, which meticulously refuted the

3

evidence ISE submitted with its original Motion. *See* Declaration of Jonathan Chavez In Support of Defendants' Opposition to Plaintiff's Motion to Enforce ("Chavez Opp. Declaration"), ECF No. 155-1, ¶¶ 15-25. Rather than address the many evidentiary deficiencies in its opening Motion, ISE instead has tried to meet its burden to submit clear and convincing evidence by proffering an entirely new batch of evidence on Reply. But each allegation of noncompliance is an individualized instance against which Joneca must be given the opportunity to respond.

After all, it is well-established that it "is improper for a moving party to introduce new facts or different legal arguments in their reply brief than those presented in the moving papers." *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000). "New evidence submitted as part of a reply is improper" because it does not allow the non-moving party an adequate opportunity to respond. *Morris v. Guetta*, 2013 WL 440127, *8 n. 8 (C.D. Cal. Feb. 4, 2013). As such, courts "should not consider the new evidence without giving the non-movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

Surreply is further warranted because the Court would benefit from full briefing on the issues raised in ISE's Reply. These issues are highly fact-intensive. Joneca's attached Surreply identifies and explains critical deficiencies in ISE's new evidence that will help "crystalize" these issues for the Court. *See Radware*, 2016 WL 393227, at *2 (N.D. Cal. Feb. 2, 2016) (granting leave to file sur-reply because it "helped to crystalize the disputed issues"). Among other things, Joneca explains why ISE's additional photographs of packages continue to be lacking, including the many instances in which ISE failed to photograph (or even apparently, check) the front of the package where the disclaimer would be located. In addition, Joneca explains why the third-party websites ISE identifies as lacking the disclaimer and attributes to Joneca are in fact postings by unauthorized, illegitimate resellers over whom Joneca has no control. Joneca also identifies critical rebuttal about the haphazard third-party websites ISE has provided. Joneca's attached Surreply is short

and limited in scope, addressing only ISE's new evidence and accusations, to effectively assist the Court in evaluating the issues.

***Second***, surreply is appropriate because ISE raises new arguments in its Reply that make factually incorrect assertions. Most audaciously, ISE asserts that Joneca "made [] up" claims about certain retailers prohibiting the main product images featured on their websites from including text. Reply at 14. Rather than provide the policies for these retailers itself, which ISE surely could since it supplies the same retailers, ISE supports its argument with three examples of other companies – not Joneca – who apparently have made website postings that are not in accordance with the plain language of these policies. *See* Ex. C to Melsheimer Decl. at 8-10. ISE's accusation that Joneca has misrepresented the website policies of the affected retailers is blatantly false, and Joneca must be given an opportunity to rebut it. Indeed, attached as Exhibits B, C, and D to Joneca's proposed Surreply are the written policies Joneca relied on from the three retailers Joneca identified as prohibiting text on main images. *See* Exs. 29, 31, 35 to Chavez Opp. Declaration. Each of these policies clearly and unambiguously states that text is not permitted to be included on main images. *See* Exs. B, C, D to Chavez Decl. Joneca should be permitted to respond to ISE's incendiary allegation that it "made [] up" these "demonstrably false" restrictions. Reply at 14; *see Prather*, 996 F Supp. 2d at 865 n.2 (granting motion for leave to file surreply to correct counsel's mischaracterization of the facts).

***Finally***, Joneca's requested *ex parte* relief is necessary and appropriate. First, the ultimate relief requested cannot be calendared in the usual manner. *See Mission Power*, 883 F. Supp. at 492. Given that ISE's Motion is set for hearing in one week, there is insufficient time to file a regularly noticed motion for leave to file a surreply and have it heard before the hearing. *See* L.R. 6-1 (requiring 28 days' notice before haring a motion). If this *Ex Parte* Application is denied, Joneca will be irreparably harmed because it will be unable to address ISE's new evidence and correct ISE's

5

unfounded accusations. This outcome would be particularly prejudicial to Joneca given how much is at stake in ISE's underlying Motion, wherein ISE seeks to further overwhelm and burden its much smaller competitor with costly and unreasonable additional compliance efforts despite Joneca's diligent compliance and extensive outlays of both money and labor. Furthermore, Joneca is without fault in creating the need for *ex parte* relief. *See Mission Power*, 883 F. Supp. at 492. As explained above, ISE – not Joneca – submitted new evidence and false arguments on Reply, thereby necessitating this *Ex Parte* Application. Indeed, had ISE brought some of this evidence to Joneca during the meet and confer process, as required by Local Rule 7-3, this lengthy motions process may have been avoided altogether because Joneca could have explained the deficiencies in ISE's evidence and its basic understandings.

Valid reasons and good cause exist to grant Joneca's *Ex Parte* Application. ISE improperly introduced copious new evidence in its Reply, all of which could and should have been submitted in its opening Motion. ISE further asserted new (and provably false) arguments in its Reply accusing Joneca of "ma[king] up" evidence. Reply at 14. The interests of fairness, completeness, and judicial efficiency warrant granting Joneca's *Ex Parte* application.

## IV.   CONCLUSION

For the reasons set forth above, Joneca respectfully requests that this Court grant Joneca leave to file the attached Surreply and supporting declaration and exhibits.

Dated: October 13, 2025                    HOGAN LOVELLS US LLP

*/s/ Trenton H. Norris*
Trenton H. Norris

*Attorneys for Defendants and Counter-Claimant*
JONECA COMPANY, LLC and THE JONECA CORPORATION

## **Certificate of Compliance**

The undersigned, counsel of record for Defendants Joneca Company, LLC and The Joneca Corporation certifies that this brief contains 1,942 words, which complies with the word limit of L.R. 11-6.1.

Dated:  October 13, 2025

*/s/ Trenton H. Norris*
Trenton H. Norris