UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02600-JVS-ADS | Date | October 22, 2025 |
| Title | InSinkErator LLC v. Joneca Company LLC et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motions to Enforce Preliminary Injunction and Increase Preliminary Injunction Bond [138, 143]**

Before the Court are two motions. First, Plaintiff InSinkErator LLC ("InSinkErator") moves to enforce the preliminary injunction granted by this Court on January 10, 2025. (Mot. ("PI Mot."), Dkt No. 138; see Order, Dkt. No. 71.) Defendants Joneca Company, LLC and The Joneca Corporation (together "Joneca") opposed the motion. (Opp'n ("PI Opp'n"), Dkt. No. 155.) InSinkErator replied. (Reply ("PI Reply"), Dkt. No. 163-1.) In response to newly submitted evidence, Joneca sought leave to file a surreply, which the Court granted. (Surreply, Dkt. No. 176.)

Second, Joneca moves to increase the preliminary injunction bond similarly granted in the Court's January 10, 2025 order. (Mot. ("Bond Mot."), Dkt No. 143; see Order.) InSinkErator opposed, (Opp'n ("Bond Opp'n"), Dkt. No. 158-1), and Joneca replied, (Reply ("Bond Reply"), Dkt. No. 169).

The Court heard oral argument on these matters on October 20, 2025. At the hearing, the Court ordered supplemental declarations with regard to Joneca's ability and efforts to make its online disclaimer more prominent. Joneca is to file its declaration within 15 days, and InSinkErator has 10 days thereafter to reply. The Court reserves judgment as to that issue and now enters its rulings as to all other matters.

For the reasons below, the Court makes the following rulings:

- **GRANTS in part** InSinkErator's motion to enforce preliminary injunction (Dkt. No. 138);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02600-JVS-ADS | Date | October 22, 2025 |
| Title | InSinkErator LLC v. Joneca Company LLC et al | | |

- **DENIES** Joneca's motion to increase preliminary injunction bond (Dkt. No. 143).

The Court also **DENIES** the joint proposed redactions by the parties.

### I. BACKGROUND

The parties are familiar with the factual and procedural background of the case. (See Order at 1–2.) The Court will recite the details only as necessary to resolve the instant motion.

This case centers around a claim of false advertising. InSinkErator accuses Joneca of misstating the amount of horsepower actually produced by its garbage disposals. (Complaint, Dkt. No. 1, ¶¶ 35–45.) On January 10, 2025, this Court granted InSinkErator's motion for preliminary injunction based on its likelihood of success on the merits and irreparable harm. (Order at 8–9, 14.)

The Court enjoined "Joneca, its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation therewith and who have actual notice of the injunction" from:

> a. Making any false and deceptive horsepower claims regarding Joneca-made garbage disposal products in any advertising, marketing, promotional, or other commercial materials or communications, whether oral or written and in any medium, to retailers, wholesalers, or other third parties for purposes of obtaining contracts for sale of Joneca-made garbage disposal products, whether branded, licensed, or private label, including in any retailer bids and sales presentations. Any horsepower-related communications to retailers, wholesalers, or other third parties for the purposes of obtaining contracts for the sale of Joneca-made garbage disposal products will include a clear and conspicuous disclaimer stating: "Horsepower claimed on package does not indicate motor output or motor power applied for processing."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02600-JVS-ADS | Date | October 22, 2025 |
| Title | InSinkErator LLC v. Joneca Company LLC et al | | |

      b.      Making any false and deceptive horsepower claims regarding Joneca-made garbage disposal products in any new advertising, marketing, promotional, or other commercial materials or communications created or disseminated by Joneca on or after the date of this Order, whether oral or written and in any medium, including on all packaging of garbage disposal products, whether branded, licensed, or private label, and on all online and offline promotional materials produced, shipped, or disseminated on or after the date of this Order. Any horsepower-related claims in any new advertising, marketing, promotional, or other commercial materials will include a disclaimer stating: "Horsepower claimed on package does not indicate motor output or motor power applied for processing." With respect to the sale of products, this applies to all products being currently sold but not yet shipped and shall take effect within seven (7) days of the effective date of this Order.

      c.      Assisting, permitting, or causing to be made by any third party any false and deceptive horsepower claims regarding Joneca-made garbage disposal products in any new advertising, marketing, promotional, or other commercial materials or communications created or disseminated on or after the date of this Order, whether oral or written and in any medium, including on all packaging of Joneca-made garbage disposal products, whether branded, licensed, or private label, and on all online and offline promotional materials including on retailer or wholesaler websites, and in-store signage and displays; and

      d.      Assisting, permitting, or causing the continued display of any false and deceptive horsepower claims in any advertising, marketing, promotional, or other commercial materials or communications currently in stores or in any third party's possession or otherwise already disseminated by Joneca prior to the date of this Order, whether oral or written and in any medium, including on all packaging of Joneca-made garbage disposal products, whether branded, licensed, or private label,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-02600-JVS-ADS                             Date  October 22, 2025

Title  InSinkErator LLC v. Joneca Company LLC et al

      and on all online and offline promotional materials including websites and in-store signage and displays. Joneca shall have 90 days after the effective date of this Order to comply with this provision.

(Order at 17–19 (footnote omitted).) The Court also required InSinkErator to post a $500,000 bond to secure Joneca's damages, if any, in the case it ultimately prevails in defending against the underlying claims. (Id. at 17.)

      Since the issuance of this injunction nine months ago, Joneca has made efforts to comply with the Court's order. According to Joneca, it has invested over $1.3 million into its compliance efforts, including to "label packages, update signage and displays, and implement the disclaimer on websites." (PI Opp'n at 4; Bond Mot. at 5.) These efforts involved hiring a third-party contractor to relabel around 100,000 units in stores and equipping its customers to relabel another 47,000 units in-house. (PI Opp'n at 5.) In all, Joneca claims to have relabeled more than 140,000 of the approximately 180,000 units currently in store, with another 620,000 units relabeled prior to distribution. (Id. 5–6.) Further, Joneca made efforts to distribute or provide instructions for new signage and displays containing the disclaimer for its customers' stores. (Id. at 6.) Finally, Joneca updated its online presence to incorporate the necessary disclaimer, choosing to do so at the "first feasible mention of horsepower on each website." (Id.)

      On its own initiative, InSinkErator conducted investigations into Joneca's compliance with the preliminary injunction in early June 2025 and again after filing its motion in late August 2025. (Mem. in Supp. ("PI Memo"), Dkt. 139, at 4; PI Reply at 4.) InSinkErator sent investigators to stores across Georgia California, Texas, Illinois, Pennsylvania, Maryland, and North Carolina, discovering that only some packages—or none—had been relabeled. (PI Memo at 4; PI Reply at 6.) Additionally, InSinkErator found that certain signage touting the horsepower of Joneca's products similarly lacked the disclaimer. (PI Memo at 5.) Finally, InSinkErator reviewed Joneca's online presence and found that the disclaimer did not appear in the search results displaying Joneca's products. (Id. at 5–6.) When the product was selected, the disclaimer was often included in a tab that customers had to click into to obtain more product information. (Id. 6–7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-02600-JVS-ADS                              Date  October 22, 2025

Title      InSinkErator LLC v. Joneca Company LLC et al

The parties met and conferred in June and August to resolve the compliance issues identified by InSinkErator, to no avail.  (Id. at 9.)

InSinkErator now seeks to enforce the terms of the preliminary injunction to correct what it sees as Joneca's shortcomings in compliance.  (See PI Mot.)  Joneca, on the other hand, cites its compliance to date in seeking an increase in the bond awarded in light of its actual expenditures.  (See Bond Mot.)

## II. INSINKERATOR'S MOTION TO ENFORCE PRELIMINARY INJUNCTION

### A. Legal Standard

A party may seek to enforce an injunction by showing that the injunction explicitly forbids the challenged conduct.  Clark v. Coye, 60 F.3d 600, 644 (9th Cir. 1995).  The moving party has the burden of showing by clear and convincing evidence that the enjoined party violated a "specific and definite order of the court."  FTC v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999).  The language in an injunction should be clear such that ordinary persons will know "precisely" what action is proscribed in order to provide sufficient notice to the party being enjoined.  Clark, 60 F.3d at 644.

District courts have inherent and statutory authority to enforce compliance with orders through civil contempt.  Spallone v. United States, 493 U.S. 265, 276 (1990); 18 U.S.C. § 401.  Civil contempt is a "severe remedy," so "principles of 'basic fairness requir[e] that those enjoined receive explicit notice' of 'what conduct is outlawed' before being held in civil contempt."  Taggart v. Lorenzen, 587 U.S. 554, 561 (2019) (alteration in original) (citation omitted).

To hold a party in civil contempt, the Court must find, based on clear and convincing evidence, that (1) the party violated a court order, (2) beyond substantial compliance, and (3) not based on a good faith and reasonable interpretation of the order.  See id. at 561–62.  Violation of a court order is shown by the party's "failure to take all reasonable steps within the party's power to comply."  Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006).  If the moving party meets its burden, the burden "then shifts to the contemnors to demonstrate why they were unable to comply."  F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting Stone v. City

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-02600-JVS-ADS | Date | October 22, 2025 |
|---|---|---|---|

| Title | InSinkErator LLC v. Joneca Company LLC et al | | |
|---|---|---|---|

& Cnty. of S.F., 968 F.2d 850, 856 n.9 (9th Cir. 1992)).

To meet the clear and convincing standard, the moving party must "place in the ultimate factfinder an abiding conviction that the truth of its factual contentions are highly probable." Colorado v. New Mexico, 467 U.S. 310, 316 (1984) (internal quotation marks and citation omitted). Civil contempt "should not be resorted to where there is [a] *fair ground of doubt* as to the wrongfulness of the defendant's conduct." Taggart, 587 U.S. at 561 (alteration in original) (citation omitted).

Once a court finds a party in contempt, it has discretion to impose sanctions. Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986). Sanctions "may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." Id. at 1380 (citing United States v. United Mine Workers, 330 U.S. 258, 303–04 (1947)). Coercive sanctions are payable to the court, and should be designed to bring about the desired result and to reflect the character and magnitude of harm if that result is not achieved. Id. Compensatory sanctions are payable to the wronged party, and must be based on the actual losses as a result of the contemptuous conduct. Id.

   B.   *Discussion*

As noted above, InSinkErator identifies various shortcomings in Joneca's compliance with the Court's preliminary injunction. The Court takes each in turn.

   1.   Package Labeling

First, InSinkErator argues the Joneca has failed to ensure that its in-store product packages are adequately labeled with the required disclaimer. (PI Memo at 9.) InSinkErator cites its own investigations into a selection of stores across Georgia, California, Texas, Illinois, Pennsylvania, Maryland, and North Carolina, where it found a number of both labeled and unlabeled packages. (Id. at 4; PI Reply at 6.) There is no doubt that Joneca had a duty to apply "a clear and conspicuous disclaimer" to packaging under the preliminary injunction. (Order at 18.)

In response, Joneca argues that many of InSinkErator's claimed unlabeled packages are unverified because the photos provided don't show the front of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02600-JVS-ADS | Date | October 22, 2025 |
| Title | InSinkErator LLC v. Joneca Company LLC et al | | |

package. (Opp'n at 9.) Indeed, many of the photos provided by InSinkErator show the sides or back of packages, (see, e.g., Declaration of A. Schmidt ("Schmidt Decl."), Ex. E, Dkt. No. 139-6, at 5–6; Declaration of R. Polanco ("Polanco Decl."), Ex. A, Dkt. No. 139-25, at 1–2), which did not require a disclaimer sticker under the injunction. (Order at 18 n.10.) Once these packages are discounted as unverifiable, InSinkErator is left with relatively few examples of unlabeled packages.[1]

Nonetheless, some of the photos provided by InSinkErator do show front-facing product packages that lack the necessary disclaimer. (See, e.g., Schmidt Decl., Ex. B, Dkt. No. 139-3, at 2 (showing two front-facing packages lacking a disclaimer next to three packages with the disclaimer).) To these, Joneca argues that, while some packages may have fallen through the cracks due to customer returns, products in transit, or products not made available at the time of relabeling, its efforts show substantial compliance with the Courts Order. (PI Opp'n at 10–12.) Reviewing the photos provided by InSinkErator reveals that many of the front-facing, unlabeled packages do indeed have signs of damage indicative of a product purchased, removed, and then returned to the shelf. (See, e.g., Declaration of Adeline Schmidt ("Schmidt Reply Decl."), Ex. A, Dkt. No. 161-2, at 3; id., Ex. C, at 12; Schmidt Decl., Ex. B, at 2.)

To date, Joneca claims to have relabeled 140,000 units out of the about 180,000 units in current outstanding inventory. (Id. at 5–6.) Thus, Joneca's own count shows it was around 23% short of relabeling all of the packages covered under the preliminary injunction. However, Joneca has also relabeled all of the units in its control, totaling 620,000 units. (Id. at 5.) Over time, it is reasonable to assume that these unlabeled units, whether by customer returns or otherwise, will "sell-through" as they are sold and replaced with relabeled stock. See Homeland Housewares, LLC v. Euro-Pro Operating LLC, 2015 WL 12746229, at *4 (C.D. Cal. Apr. 21, 2015).

Given the relatively small number of unlabeled units identified by Joneca's own count and the limited evidence of unlabeled units provided by InSinkErator, the Court

---

[1] InSinkErator failed to provide the approximate ratio of unlabeled packages—on the front panel—compared to the number of packages actually inspected in its prior investigations for the Court to consider. For example, Joneca provided such a break-down for its own label investigations. (See, e.g., Declaration of Jonathan Chavez, Dkt. No 155-1, at 28 (2 out of 27 units unlabeled); id. at 32 (1 out of 35 units unlabeled).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-02600-JVS-ADS                                   Date  October 22, 2025

Title      InSinkErator LLC v. Joneca Company LLC et al

finds that InSinkErator has failed to establish by clear and convincing evidence that Joneca did not substantially comply with this Court's order regarding package labeling. See Taggart, 587 U.S. at 561.

      2.      In-Store Signage and Displays

Second, InSinkErator argues that Joneca failed to comply with the Court's Order by failing to affix the disclaimer to certain in-store signage and displays. (PI Memo at 4–5.) In particular, InSinkErator identifies signage that provides basic information such as horsepower, warranty term, and noise level, as well as the price of the product, usually located directly beneath an unpackaged sample of the product. (See, e.g., Schmidt Decl., Ex. E, Dkt. No. 139-6, at 3–4; Schmidt Reply Decl., Ex. A., at 13.)

Joneca characterizes these signs as "price placards" over which it has no control. (PI Opp'n at 13.) However, as just noted, these signs do not just contain price information, but rather contain highlights of the product as part of a larger display showcasing all of a stores garbage disposal offerings. (See, e.g., Schmidt Reply Decl., Ex. E, Dkt. No. 161-6, at 1.) These signs provide meaningful details to a consumer making a decision about which product to purchase, and, as InSinkErator notes, these are often the only signs specific to Joneca's products in a given store. (PI Reply at 11.) To the extent Joneca claims to lack control over these labels, its own labeling practices undermine its argument, having labeled some of these placards and not others. (See, e.g., Declaration of Joanna Stanley ("Stanley Decl."), Ex. B, Dkt. No. 161-19, at 3 (Lowe's display with disclaimer); id., Ex. A, Dkt. No. 161-18, at 3 (Home Depot display without disclaimer).)

The Court finds that signs including horsepower claims must be labeled with the disclaimer as detailed in the Court's preliminary injunction.[2] Joneca must affix labels to these signs to come into compliance with the Court's Order.

---

[2] The label does not need to be affixed to signs that only contain price information and are therefore properly construed as "price placards," even if the name of the product itself happens to contain horsepower information. For example, the price placard in Schmidt Decl., Ex. B, (Dkt. No. 139-3, at 1), would not require a disclaimer, however, the physical display touting horsepower underneath a sample unit would, (see, e.g., Melscheimer Reply Decl., Ex. A, Dkt. No. 161-11, at 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-02600-JVS-ADS                                  Date  October 22, 2025

Title     InSinkErator LLC v. Joneca Company LLC et al

The Court declines, however, to find Joneca in civil contempt.  The fact that these signs are created by the retailers themselves and closely tied to the price display of each product allows for reasonable minds to interpret the signs differently.  Therefore, the Court finds that Joneca's failure to comply was done in good faith and does not warrant coercive sanctions.  See Taggart, 587 U.S. at 561.

      3.     Online Product Listings

Third and finally, InSinkErator claims that Joneca has failed to adequately post the disclaimer on its online product listings.  (PI Memo at 5–7.)  InSinkErator first notes that the disclaimer does not appear in the search results for any of Joneca's products even though the results include horsepower information.  (Id. at 6.)  Joneca does not dispute this, but claims that the search results pages are simply not encompassed by the Order.  (PI Opp'n at 18–20.)

Search results are not explicitly mentioned in the Order, (see Order), but this does not necessarily mean that they are not encompassed by it.  See GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1211 (9th Cir. 2000).  However, the spirit of the Order was that any reasonable consumer should come across the disclaimer before making a purchase, and not that every mention of horsepower have a disclaimer next to it.  (See Order at 18 n.10 (requiring a disclaimer only on the "front of the product package").)  A reasonable consumer would likely click into a product appearing in a search result—and usually has to—before purchasing.  The Court thus finds that a disclaimer contained in the product page is sufficient for the purposes of the preliminary injunction.

InSinkErator also argues that some of Joneca's disclaimers are not "clear and conspicuous" in the products page of various disposals.  (PI Memo at 6–8.)  As noted above, the Court has requested additional declarations on this matter and reserves its judgment for a later date.

***

In sum, the Court finds that Joneca has substantially complied with its packaging obligations, but must address shortfalls in its application of the necessary disclaimer to signage.  Additionally, the Court  declines to require the disclaimer to appear in search results and reserves its judgment on the adequacy of Joneca's disclaimers in online

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02600-JVS-ADS | Date | October 22, 2025 |
| Title | InSinkErator LLC v. Joneca Company LLC et al | | |

product listings. Joneca shall file a compliance report with the Court after 30 days detailing its efforts to address the areas noted where they are out of compliance with the preliminary injunction.

### III. JONECA'S MOTION TO INCREASE PRELIMINARY INJUNCTION BOND

#### A. Legal Standard

Federal Rule of Civil Procedure 65(c) permits a court, in issuing a preliminary injunction or a temporary restraining order, to order a party to post "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Rule 65(c) invests the district court "with discretion as to the amount of security required, if any." Barahona-Gomez v. Reno, 167 F.3d 1228, 1237 (9th Cir. 1999); Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 321 F.3d 878, 882 (9th Cir. 2003) ( "The court has wide discretion in setting the amount of the bond . . . ."); Diaz v. Brewer, 656 F.3d 1008, 1015 (9th Cir. 2001); see also Disney Enterprises, Inc. v. VidAngel, Inc., 224 F. Supp. 3d 957, 978 (C.D. Cal. 2016), aff'd, 869 F.3d 848 (9th Cir. 2017). "So long as a district court does not set such a high bond that it serves to thwart citizen actions, it does not abuse its discretion." Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1126 (9th Cir. 2005) (citing Friends of the Earth, Inc. v. Brinegar, 518 F.2d 322, 323 (9th Cir. 1975)).

The purpose of a bond is to "assure[] the enjoined party that it may readily collect damages from the funds posted or the surety provided in the event that it was wrongfully enjoined, without further litigation and without regard to the possible insolvency of the assured," and "provide[] the plaintiff with notice of the maximum extent of its potential liability, since the amount of the bond 'is the limit of the damages the defendant can obtain for a wrongful injunction, . . . provided the plaintiff was acting in good faith.'" Signal Hill Serv. v. Macquarie Bank Ltd., No. CV 11-01539, 2013 U.S. Dist. LEXIS 202357, at *5 (C.D. Cal. Feb. 19, 2013) (citations omitted).

Despite the seemingly mandatory language in Rule 65(c), the Ninth Circuit has instructed district courts that they may dispense with the bond requirement altogether in certain circumstances; for example, when "there is no realistic likelihood of harm to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02600-JVS-ADS | Date | October 22, 2025 |
| Title | InSinkErator LLC v. Joneca Company LLC et al | | |

defendant from enjoining his or her conduct." Johnson v. Couturier, 572 F.3d 1067, 1085 (9th Cir. 2009) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 910 (9th Cir. 2003)). Similarly, when the plaintiff establishes a strong likelihood of success on the merits, the district court has the discretion to impose a "minimal bond or no bond at all." Van de Kamp v. Tahoe Reg'l Planning Agency, 766 F.2d 1319, 1326 (9th Cir. 1985).

A party seeking to modify a bond amount bears the burden of establishing a "significant change in facts or law." Sharp v. Weston, 233 F.3d 1166, 1170 (9th Cir. 2000) ("A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction.").

Courts have wide discretion to increase the bond amount, so long as it is based on a "reasonable estimation" of the enjoined party's "potential damages resulting from the injunction." Dass v. Tosco Corp., 136 F. App'x 21, 24 (9th Cir. 2005). The Ninth Circuit has rejected requests to "dramatically raise bond amounts." A&M Records v. Napster, Inc., 239 F.3d 1004, 1028 (9th Cir. 2001) (rejecting request to increase bond from $5 million to $1.5–2 billion); GoTo.com, Inc., 202 F.3d at 1211 (rejecting request to increase bond 800 times from $25,000 to $20,000,000); Brookfield Communs., Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1044 (9th Cir. 1999) (rejecting request to increase bond from $25,000 to $400,000).

    B.    *Discussion*

In its preliminary injunction order, the Court required InSinkErator to post a $500,000 bond to secure Joneca against the "potential harm to its business upon the issuance of a preliminary injunction." (Order at 17.) Joneca now asks the Court to revisit this decision, making much of the word "potential" in claiming that its *actual* costs are a significant change in facts that justifies an increase in bond. (Bond Mot. at 1.) Joneca has now expended over $1.3 million to comply with the preliminary injunction and seeks to raise the bond to reflect that amount. (Id.)

However, Joneca fails to acknowledge that the Court did consider these costs at the time it set bond, even if they were potential costs at the time. In its Order, the Court recognized that it set bond "after hearing oral argument," during which the parties debated how much bond should be in light of the Court's ruling. (Order at 17.) Joneca

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02600-JVS-ADS | Date | October 22, 2025 |
| Title | InSinkErator LLC v. Joneca Company LLC et al | | |

even submitted supplemental briefing detailing its likely costs in the event it had to resticker packaging, which the Court explicitly said it had considered. (Dkt. 72 at 24:15–19; see Supplemental Brief, Dkt. No. 65-1, at 9.) In fact, Joneca concedes that its estimates in that brief were "remarkably close to the total amount Joneca has incurred to comply with the Order." (Bond Reply at 4.) The fact that these costs have now been incurred—as opposed to merely estimated—is not a significant change in law or fact to justify adjusting the bond amount.

Nor do Joneca's continuing obligations to address its shortcomings in complying with the preliminary injunction identified above warrant an increase in bond. Properly affixing disclaimers to signage and prominently displaying them online were both predictable consequences of the original preliminary injunction. (See Order at 18–19.) The fact that Joneca must now complete what it was ordered to do initially does not warrant increasing the bond, which was initially set at this Court's discretion based on the underlying merits of InSinkErator's claims. See Van de Kamp, 766 F.2d at 1326. InSinkErator's likelihood of prevailing cautions against any further increase in the bond. Id.

Accordingly, the Court **DENIES** Joneca's motion to increase bond.

### IV. CONCLUSION

For the foregoing reasons, the Court makes the following rulings:

- **GRANTS in part** InSinkErator's motion to enforce preliminary injunction (Dkt. No. 138);
- **DENIES** Joneca's motion to increase preliminary injunction bond (Dkt. No. 143).

**IT IS SO ORDERED.**