Kalpana Srinivasan (SBN 237460)
Michael Gervais (SBN 330731)
Anna Coll (CA 337548)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
mgervais@susmangodfrey.com
acoll@susmangodfrey.com

Joseph Grinstein (pro hac vice)
SUSMAN GODFREY L.L.P.
1000 Louisiana St., Suite 5100
Houston, TX 77002-5096
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
jgrinstein@susmangodfrey.com

*Attorneys for Plaintiff and Counter-Defendant Insinkerator LLC*

*[See additional counsel on signature page]*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| INSINKERATOR LLC, A Delaware limited liability company<br><br>*Plaintiff,*<br><br>vs.<br><br>JONECA COMPANY, LLC, a Delaware limited liability company, and THE JONECA CORPORATION, a California corporation<br><br>*Defendants.*<br><br>JONECA COMPANY, LLC, a Delaware limited liability company,<br><br>*Counter-Claimant,*<br><br>vs.<br><br>INSINKERATOR LLC, a Delaware limited liability company,<br><br>*Counter-Defendant.* | Case No. 8-24-cv-02600-JVS-ADS<br><br>Judge: Honorable James V. Selna<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL DECLARATION OF JONATHAN CHAVEZ IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE PRELIMINARY INJUNCTION**<br><br>DATE: October 20, 2025<br>TIME: 1:30 pm<br>PLACE: Courtroom 10C<br><br>Action Filed: November 27, 2024 |

I.   **Introduction**

Following the Court's October 20, 2025 hearing on Plaintiff's Motion to Enforce Preliminary Injunction, Defendants filed the Supplemental Declaration of Jonathan Chavez in Support of Defendants' Opposition to Plaintiff's Motion to Enforce Preliminary Injunction (the "Supplemental Declaration"). Dkt. 189. At the hearing, the Court permitted Plaintiff InSinkErator LLC ("ISE") to respond to that declaration. ISE submits this brief response.

The Supplemental Declaration offers nothing of substance. It repackages themes from Defendants' prior opposition and surreply, leans on generalized statements about third-party website "policies," and offers selected screenshots that were already submitted to the Court. Critically, it attaches no evidence of communications with retailers—no requests for accommodations, no approvals, and no confirmations—and thus fails to show that Joneca sought or achieved product-page placements that satisfy the PI Order. Far from rebutting ISE's showing, the declaration confirms that Joneca has not taken all reasonable steps to comply with the Court's Preliminary Injunction Order ("PI Order"). Dkt. 71. ISE respectfully requests that the Court grant ISE's Motion to Enforce with respect to online product pages.

II.   **Argument**

The Supplemental Declaration repeats the same deficiencies that plagued Joneca's prior submissions to this Court regarding its compliance with online product pages. It makes clear that Joneca has not taken all reasonable steps to comply with the PI Order by ensuring the disclaimer is clear and conspicuous. The Court should require Joneca to (1) take all reasonable steps to ensure the disclaimer appears on the main product image on product webpages that sell its disposals, and (2) take all reasonable steps to ensure the disclaimer appears clearly and conspicuously at the top of the product webpage.

<u>First</u>, the Supplemental Chavez Declaration offers nothing new. It rehashes Joneca's prior "retailer policies" and "first feasible" narrative and, if anything, reinforces that Joneca has not done enough to make the disclaimer clear and conspicuous on product webpages. As the declaration admits, the screenshots of exhibits and the policies it cites were already submitted to the Court with its briefing. The Court asked for "further factual input" about its "dealings to date with the major retailers in an effort to have the disclaimer displayed on the websites." 10/20/2025 Hearing Tr. at 26:22-27:1. Conclusory assertions about "policies" are not the "further factual input" the Court requested. This is not the detailed supplemental declaration the Court envisioned, but is simply a reproduction of the same excuses about Joneca's noncompliance that was already briefed to the Court.

<u>Second</u>, the declaration is unreliable because Joneca provides no evidence of its communications with retailers about disclaimer placement. At the hearing, ISE noted that Joneca's argument was "the first time that they have referenced communications with the retailers and any indication that the retailer has denied them the right to do so. We don't have any evidence that Home Depot said, no, we won't put the disclaimer on there." 10/20/2025 Hearing Tr. at 25:15-19. Indeed, this may have prompted the Court to request the supplemental declaration in the first place. *Id.* at 26:3-9. Yet Joneca still refuses to submit evidence of those communications. The Supplemental Declaration asserts what retailers allow or forbid on their websites, what fields are "generated," and what is "feasible" or what can appear "earliest." Supp. Decl. ¶¶ 4, 14, 39. But it neither cites nor attaches emails, customer service requests, or other communications requesting accommodations to comply with the Court's PI Order. Nor does Joneca provide any retailer communications indicating that such requests were granted or denied. There is no evidence that Joneca asked a retailer to place the disclaimer at the top of the product webpage, and no evidence that a retailer denied such a request. Joneca was given at least three opportunities to

submit that evidence—in its opposition brief, its surreply brief, and in its Supplemental Declaration—but it has repeatedly failed to do so.

Instead of providing that evidence, the Supplemental Declaration cites to the retailers' policies—which Joneca already submitted to the Court with its briefing—and claims Joneca was powerless to effectuate a clear and conspicuous disclaimer. Joneca cannot hide behind these third parties and disavow compliance. Simply because third parties control their websites does not absolve Joneca of its court-ordered obligations. The Supplemental Declaration statement that "Joneca cannot unilaterally make the disclaimer more prominent" is a truism. Supp. Decl. ¶ 5. As ISE explained at the hearing, compliance with the PI Order necessarily requires Joneca to work with third parties to apply the disclaimer in the appropriate locations, whether it be in-store or online. 10/20/2025 Hearing Tr. at 24:25-25:12. The retailers control their brick-and-mortar stores and likely have policies preventing a supplier from barging into stores and stickering products unilaterally. But Joneca had to coordinate with those retailers to enable the application of the disclaimers in-store. It should do the same online, as the PI Order plainly enjoined Joneca from assisting, permitting, or causing third parties from making false and deceptive horsepower claims.

<u>Third</u>, the Supplemental Declaration treats retailer policies as immovable constraints rather than starting points for compliance. As a threshold matter, the declaration only gives Joneca's interpretations of third-party policies. It does not submit any evidence of attestations from those third parties about what those policies mean and how they are implemented in practice. In any event, those policies are designed to promote uniform consumer-facing formats, not to preclude adherence to a federal court order. For example, Amazon's policy about product images states that "Images are an important part of selling products on Amazon. They make it easier for customers to evaluate and learn about your product . . . We've created technical

4
PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL DECLARATION OF JONATHAN CHAVEZ IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE PRELIMINARY INJUNCTION
Case No.: 8-2-cv-02600-JVS-ADS

and content requirements for images <u>to ensure that customers see accurate, helpful, and high-quality images</u>." Dkt. 176-1, Ex. C at 21 (emphasis added). Similarly, Home Depot's policy states that "As you create the marketing components associated with your product information, use the perfect sku example below <u>to ensure your products are picture-perfect, optimizing the customers shopping experience</u>." Dkt. 176-1, Ex. B (emphasis added). Placing a disclaimer on the main product image aligns with those goals by ensuring customers receive accurate information. As ISE's reply brief explained, this is not hypothetical. ISE provided publicly available examples of retailer websites that include text on main images. Dkt. 161-14 (Melsheimer Decl. ¶ 4, Ex. C) at 8–10. ISE encourages the Court to visit Home Depot's websites to see the text that appears on main product images for various garbage disposals.[1] The third-party policies are thus not impediments to compliance, and Joneca is clearly not powerless to request that all the main product images for its disposals display the disclaimer. The Supplemental Declaration identifies no effort to request comparable treatments for the disclaimer, and no reason those demonstrated proofs-of-concept cannot be used here. Joneca is exploiting third-party policies to evade compliance, when it should be taking all reasonable steps to comply with the PI Order.

The Supplemental Declaration responds to ISE's cited examples of the disclaimer appearing on the main product images by stating that "Joneca has no information about why or how these images exist or whether these images were or were not authorized by The Home Depot, and ISE offers none." Supp. Decl. ¶ 47. This inverts the requirements of the PI Order—Joneca is required to take all reasonable steps to comply, not ISE. ISE provided publicly available examples of how Joneca could comply, and the Supplemental Declaration somehow implies that

---

[1] *See* Home Depot, *InSinkErator Power 900, 3/4 HP Garbage Disposal, Power Series EZ Connect Continuous Feed Food Waste Disposer*, https://www.homedepot.com/p/InSinkErator-Power-900-3-4-HP-Garbage-Disposal-Power-Series-EZ-Connect-Continuous-Feed-Food-Waste-Disposer-POWER-900/326067211 (last accessed Nov. 14, 2025).

*ISE* has not done enough. This violates the spirit of the PI Order and exemplifies Joneca's lack of diligence in its compliance. Joneca could have and should have asked Home Depot—and every other retailer—to display the Court-ordered disclaimer on the main product images for its disposals. There is no evidence that it did. The Supplemental Declaration confirms that Joneca has not done enough.

The same problems infect the declaration's discussion of placing disclaimer text at the top of product pages. The Supplemental Declaration states that "Joneca requested an update to The Home Depot's website to include the disclaimer in the first bullet point of the 'Product Details' section of the product landing page. This is the earliest space on The Home Depot's website technologically capable of accommodating the disclaimer." Supp. Decl. ¶ 39. This confirms that Joneca never requested the disclaimer appear at the top of the webpage—where information about the disposal already appears in bullet points—and Home Depot never denied (or even considered) such a request. As ISE explained at the hearing, the "Product Details" section is buried down the webpage in a collapsible section that the user must scroll down and click to expand in order to encounter the disclaimer. 10/20/2025 Hearing Tr. at 9:1-14. Joneca chose that buried, difficult to find location for the Court-ordered disclaimer, rather than the bullet points at the top of the webpage immediately below the title. Even if Home Depot controls the text that appears there, that is not an impediment to Joneca negotiating with Home Depot to include the disclaimer, leveraging its relationships, or even asking this Court for assistance if the retailer refuses to comply. The declaration reveals that Joneca has failed to even ask the retailers to display the disclaimer clearly and conspicuously at the top of the product webpage. That is insufficient.

## III. CONCLUSION

The Supplemental Declaration reinforces that Joneca has not substantially complied with the Court's PI Order. It has not taken all reasonable steps to comply

and has adopted interpretations as to what is required that are plainly unsupported. ISE respectfully requests that the Court grant ISE's Motion to Enforce the Preliminary Injunction with respect to online product webpages and require Joneca to (1) take all reasonable steps to ensure the disclaimer appears on the main product image on product webpages that sell its disposals, and (2) take all reasonable steps to ensure the disclaimer appears clearly and conspicuously at the top of the product webpage.

Dated: November 14, 2025

Respectfully submitted,

By: /s/     *William Melsheimer*
Kalpana Srinivasan (SBN 237460)
Michael Gervais (SBN 330731)
Anna Coll (SBN CA 337548)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
mgervais@susmangodfrey.com
acoll@susmangodfrey.com

Joseph Grinstein (pro hac vice)
SUSMAN GODFREY L.L.P.
1000 Louisiana St., Suite 5100
Houston, TX 77002-5096
Tel: (713) 651-9366
Fax: (713) 654-6666
jgrinstein@susmangodfrey.com

William J. Melsheimer (*pro hac vice*)
Stuart E. Pollack (*pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Tel: (212) 336-8330
Fax: (212) 336-8340
jmelsheimer@susmangodfrey.com
spollack@susmangodfrey.com

*Attorneys for Plaintiff and Counter-Defendant Insinkerator LLC*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff InSinkErator LLC, certifies that this brief contains 1,649 words, which complies with the word limit of L.R. 11-6.1.

Dated: November 14, 2025     /s/ *William Melsheimer*
                             William Melsheimer