UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02600-JVS-ADS | Date | November 24, 2025 |
| Title | InSinkErator LLC v. Joneca Company LLC et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings: **[IN CHAMBERS] Order Regarding Motion to Enforce Preliminary Injunction [138]**

Plaintiff InSinkErator LLC ("InSinkErator") moves to enforce the preliminary injunction granted by this Court on January 10, 2025. (Mot. ("PI Mot."), Dkt No. 138; see Order ("PI Order"), Dkt. No. 71.) Defendants Joneca Company, LLC and The Joneca Corporation (together "Joneca") opposed the motion. (Opp'n ("PI Opp'n"), Dkt. No. 155.) InSinkErator replied. (Reply ("PI Reply"), Dkt. No. 163-1.) In response to newly submitted evidence, Joneca sought leave to file a surreply, which the Court granted. (Surreply, Dkt. No. 176.)

The Court heard oral argument on this matter on October 20, 2025. At the hearing, the Court ordered supplemental declarations with regard to Joneca's ability and efforts to make its online disclaimer more prominent. Joneca filed its supplemental declaration on November 6, 2025, (Supplemental Declaration of Jonathan Chavez ("Chavez Suppl. Decl."), Dkt No. 189), to which InSinkErator responded on November, 14, 2025, (Response, Dkt. No. 192). The Court now enters its ruling as to this issue.

For the following reasons, the Court **GRANTS in part** InSinkErator's motion to enforce preliminary injunction.

## I. BACKGROUND

The parties are familiar with the factual and procedural background of the case. (See PI Order at 1–2.) The Court will recite the details only as necessary to resolve the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02600-JVS-ADS | Date | November 24, 2025 |
| Title | InSinkErator LLC v. Joneca Company LLC et al | | |

    This case centers around a claim of false advertising. InSinkErator accuses Joneca of misstating the amount of horsepower actually produced by its garbage disposals. (Complaint, Dkt. No. 1, ¶¶ 35–45.) On January 10, 2025, this Court granted InSinkErator's motion for preliminary injunction based on its likelihood of success on the merits and irreparable harm. (PI Order at 8–9, 14.)

    The Court enjoined "Joneca, its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation therewith and who have actual notice of the injunction" from "[m]aking any false and deceptive horsepower claims regarding Joneca-made garbage disposal products." (Id. at 17–18.) Additionally, Joneca was enjoined from "[a]ssisting, permitting, or causing to be made by any third party any false and deceptive horsepower claims . . . including on retailer or wholesaler websites." (Id. at 18.) Accordingly, Joneca was required to include the following disclaimer on all online listings of its products: "Horsepower claimed on package does not indicate motor output or motor power applied for processing." (Id.)

    Since the issuance of this injunction, Joneca updated its online presence to incorporate the necessary disclaimer, choosing to do so at the "first feasible mention of horsepower on each website." (PI Opp'n at 6; see Chavez Suppl. Decl. ¶ 4.) However, on its own initiative, InSinkErator reviewed Joneca's online product listings and found that the disclaimer was sometimes included in a tab that customers had to click into or scroll down to in order to obtain more product information. (Mem. in Supp. ("PI Memo"), Dkt. 139, at 6–7.)

    InSinkErator now seeks to enforce the terms of the preliminary injunction to correct what it sees as Joneca's failure to make the disclaimer prominent enough in its online product listings. (See PI Mot.)

## II. LEGAL STANDARD

    A party may seek to enforce an injunction by showing that the injunction explicitly forbids the challenged conduct. Clark v. Coye, 60 F.3d 600, 644 (9th Cir. 1995). The moving party has the burden of showing by clear and convincing evidence that the enjoined party violated a "specific and definite order of the court." FTC v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999). The language in an injunction should be clear such that ordinary persons will know "precisely" what action is proscribed in order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02600-JVS-ADS | Date | November 24, 2025 |
| Title | InSinkErator LLC v. Joneca Company LLC et al | | |

to provide sufficient notice to the party being enjoined. Clark, 60 F.3d at 644.

District courts have inherent and statutory authority to enforce compliance with orders through civil contempt. Spallone v. United States, 493 U.S. 265, 276 (1990); 18 U.S.C. § 401. Civil contempt is a "severe remedy," so "principles of 'basic fairness requir[e] that those enjoined receive explicit notice' of 'what conduct is outlawed' before being held in civil contempt." Taggart v. Lorenzen, 587 U.S. 554, 561 (2019) (alteration in original) (citation omitted).

To hold a party in civil contempt, the Court must find, based on clear and convincing evidence, that (1) the party violated a court order, (2) beyond substantial compliance, and (3) not based on a good faith and reasonable interpretation of the order. See id. at 561–62. Violation of a court order is shown by the party's "failure to take all reasonable steps within the party's power to comply." Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006). If the moving party meets its burden, the burden "then shifts to the contemnors to demonstrate why they were unable to comply." F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting Stone v. City & Cnty. of S.F., 968 F.2d 850, 856 n.9 (9th Cir. 1992)).

To meet the clear and convincing standard, the moving party must "place in the ultimate factfinder an abiding conviction that the truth of its factual contentions are highly probable." Colorado v. New Mexico, 467 U.S. 310, 316 (1984) (internal quotation marks and citation omitted). Civil contempt "should not be resorted to where there is [a] *fair ground of doubt* as to the wrongfulness of the defendant's conduct." Taggart, 587 U.S. at 561 (alteration in original) (citation omitted).

Once a court finds a party in contempt, it has discretion to impose sanctions. Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986). Sanctions "may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." Id. at 1380 (citing United States v. United Mine Workers, 330 U.S. 258, 303–04 (1947)). Coercive sanctions are payable to the court, and should be designed to bring about the desired result and to reflect the character and magnitude of harm if that result is not achieved. Id. Compensatory sanctions are payable to the wronged party, and must be based on the actual losses as a result of the contemptuous conduct. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02600-JVS-ADS | Date | November 24, 2025 |
| Title | InSinkErator LLC v. Joneca Company LLC et al | | |

### III. DISCUSSION

InSinkErator claims that Joneca has failed to adequately post the disclaimer on its online product listings. (PI Memo at 5–7.) InSinkErator argues that some of Joneca's disclaimers are not "clear and conspicuous" in the products page of various disposals. (Id. at 6–8.) Instead of appearing at the top of the page or in the first image of the product, the disclaimer sometimes appears in an expandable section containing product details near the bottom of the webpage. (Declaration of A. Schmidt ("Schmidt Decl."), Dkt. No. 139-1, ¶¶ 11–15.) Joneca's response to this claim is that the disclaimer was placed in the "first permitted or technologically feasible location given each retailer's specific restrictions," usually located next to an explanation of the product's horsepower. (Chavez Suppl. Decl. ¶ 4; PI Opp'n at 15–18.)

The spirit of the Court's Order granting a preliminary injunction was that any reasonable consumer would come across the horsepower disclaimer before making a purchase. As noted in the Court's Order, horsepower is "one of the top purchasing considerations for garbage disposals." (PI Order at 10.) This is made evident by the inclusion of horsepower in the product title of every online listing shown to the Court. (See Chavez Suppl. Decl. at 4–5, 9, 11–12, 16–17, 23.) For physical packages, the Court's Order required the disclaimer to be bordered in red and affixed to the front of the package. (See PI Order at 18 n.10.) It would thus be difficult for any consumer to purchase a physical unit without seeing the disclaimer. Any online disclaimer should be similarly conspicuous and immediately viewable just like on a sign or product package in a physical store.

A reasonable consumer may not click through all of the online product details before making a purchasing decision. Thus, to be sufficiently conspicuous—analogous to the disclaimer on a physical package—the online disclaimer must be immediately viewable to the consumer without additional navigation on the product listing. This means that the disclaimer must not be located only in a product description lower on the page or in a separate tab, but rather at the first feasible location at the top of the page. Where it is feasible, this should come in the form of a text entry in the product highlights. Otherwise, it should be added to the first product image immediately viewable to a consumer on the product listing page. Where the disclaimer is included at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02600-JVS-ADS | Date | November 24, 2025 |
| Title | InSinkErator LLC v. Joneca Company LLC et al | | |

the top of the listing page in the product highlights, Joneca need not also include the disclaimer in the first product image.[1]

    The Court finds that some of Joneca's online disclaimers are not immediately viewable to consumers on a product's landing page and do not comply with the Court's Order. (See, e.g., Chavez Suppl. Decl. at 9, 16–17, 23 (showing noncompliant product listings from Lowe's, Home Depot, and HD Supply).) Additionally, the Court is not satisfied that Joneca has taken all reasonable steps to bring these product listings into compliance. Joneca argues that it is prevented from including the disclaimer in a more prominent location because of the various online product listing policies of its retailers. (Id. ¶¶ 24, 43–44.) But nowhere in Joneca's declaration does it claim to have requested a variance from any retailer's listed policy or otherwise sought an accommodation in light of this Court's Order. (See id. ¶¶ 21–22 (requesting the disclaimer be put in the "first allowable image," as opposed to an immediately viewable location).) The potential for accommodation is underscored by InSinkErator's submission of images of product listings from Home Depot's website with text in the first image, despite the plain language of its policy disallowing such text. (See Declaration of William Melsheimer, Ex. C, Dkt. No. 161-13, at 8-10.)

    Joneca must work with its retailers to modify the location of the disclaimer to conform to the above requirements in order to come into compliance with the preliminary injunction. <u>Joneca shall file a compliance report with the Court after 30 days detailing its efforts to address the areas noted where it is out of compliance with the preliminary injunction.</u> If Joneca is unable to reach an agreement with these third parties, it should make note of this in its report and seek further guidance or assistance from this Court.

    Finally, the Court declines to find Joneca in civil contempt. Joneca applied its initial disclaimer pursuant to each retailer's online listing policy in good faith, which does not warrant coercive sanctions. See Taggart, 587 U.S. at 561.

---

[1] For example, the Court is satisfied with the disclaimers in the Amazon and Walmart product listings included in the supplemental briefing. (See Chavez Suppl. Decl. at 4–5, 11–12.) However, to the extent a listing on Amazon or Walmart comes out of compliance, such as because of an AI-generated text box, (id. ¶ 30), Joneca should work with the retailer to include the disclaimer per the criteria listed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-02600-JVS-ADS | Date | November 24, 2025 |
| Title | InSinkErator LLC v. Joneca Company LLC et al | | |

## IV. CONCLUSION

For the following reasons, the Court **GRANTS in part** InSinkErator's motion to enforce preliminary injunction.

**IT IS SO ORDERED.**